PER CURIAM.
The only issue on this appeal which warrants discussion is appellant’s contention that the court should not have sentenced him as an habitual felony offender.
At sentencing, the state introduced evidence that appellant had committed three felonies in 1971, a second degree misdemeanor in 1971 and a first degree misdemeanor in 1977, all of which occurred in this state. The portion of the definition of habitual felony offender pertinent to this appeal is set forth in Section 775.084(1), Florida Statutes (1977):
(a) “Habitual felony offender” means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. Previously been convicted of a felony in this state;
b. Twice previously been convicted of a misdemeanor of the first degree in this state or of another qualified offense for which the defendant was convicted after the defendant’s 18th birthday;
2. The felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony, misdemeanor, or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later;
Appellant argues that he cannot be considered as an habitual felony offender under Section (l)(a)l.a. because his felony conviction occurred more than five years ago and because there was no showing that he was in prison as a result of the felony during the last five years. With respect to Section (l)(a)l.b., he points out that he has only been convicted of one first degree misdemeanor.
It is significant to note that because the word “misdemeanor” is stated in the singular, Section (l)(a)2. only requires the last of the two first degree misdemeanors to have been adjudicated within five years of the subject conviction. Therefore, if one of appellant’s 1971 felonies had been a first degree misdemeanor, he would clearly fall within the language of Section (lXa)l.b. Surely the legislature did not intend to punish a defendant who has committed two misdemeanors more severely than one who has committed a felony and a misdemeanor. Thus, we construe Section 775.084(1) to mean that a prior felony conviction is at least the equivalent of one of the two first degree misdemeanors required for sentencing as an habitual felony offender.
AFFIRMED.
GRIMES, C. J., and HOBSON and SCHEB, JJ., concur.