FRANK D. UPCHURCH, Jr., Judge.
This appeal from an adjudication of delinquency for petit theft and resisting a merchant questions whether the order denying *594 the motion to dismiss count II (resisting a merchant) of the juvenile petition was in error.
Section 812.015(6), Florida Statutes (1979), under which appellant was charged, includes as a material element of resisting a merchant the requirement that the defendant is subsequently found to be guilty of theft of the subject merchandise.[1] Count II failed to include this element. Without this element, count II failed to charge a crime and therefore the motion to dismiss should have been granted. State v. Dye, 346 So.2d 538 (Fla.1977); Smith v. State, 75 Fla. 468, 78 So. 530 (1918).
The state contends that because appellant moved to dismiss based on the missing element, she therefore knew about it and could not be embarrassed in the preparation of her defense. This argument is frivolous. To so hold would mean that any time a person attacked the sufficiency of a charging document, even though the document was in fact defective, he could not appeal this point because knowing of the defect, he could not be embarrassed in his defense. The state’s reliance on Tracey v. State, 130 So.2d 605 (Fla.1961) and Lucas v. State, 376 So.2d 1149 (Fla.1979) is also misplaced. In Tracey, the defendant failed to assert the defect in the information in his motion to quash, failed to assign it as error and failed to argue the issue in his brief and thus was deemed to have waived the defect. Lucas did not involve a defective charging document but rather dealt with the use of contemporaneous convictions as an aggravating circumstance in sentencing.
The adjudication of delinquency based on count II of the juvenile petition is hereby vacated.
DAUKSCH, C. J., and SHARP, J., concur.

. Section 812.015(6) provides as follows:
An individual who resists the reasonable effort of a peace officer, merchant, or merchant’s employee to recover merchandise which the peace officer, merchant, or merchant’s employee had probable cause to believe the individual had concealed or removed from its place of display or elsewhere and is subsequently found to be guilty of theft of the subject merchandise shall be guilty of a misdemeanor of the first degree, punishable as provided in s.775.082, s.775.-083, or s.775.084, unless the individual did not know, or have reason to know, that the person seeking to recover the merchandise was a peace officer, merchant, or merchant’s employee. (Emphasis added.)