MILLS, Judge.
This appeal is from a judgment adjudicating R.A.S. to be delinquent, and placing the child in a community control program. We affirm.
The judgment followed a bench trial at which R.A.S. and the State each presented, through the testimony of various witnesses, completely conflicting versions of the events leading up to the theft and of the theft itself. R.A.S.’ version tended to be exonerating, while the State’s version tended to show the child’s culpability. At the conclusion of the proceeding, the court found the testimony of the State’s witnesses to be more believable than that of the defense witnesses.
R.A.S. sought rehearing via a motion pursuant to Rule 8.230, Fla.R.Juv.P., alleging that the verdict was against the weight of the evidence. The motion also sought a new trial because of newly discovered evidence. The motion was denied.
We do not agree with R.A.S.’ allegations that the verdict was against the weight of the evidence. The trial court observed the various witnesses and heard their testimony firsthand. Where evidence conflicts, as here, “it is within the province of the trier of fact to assess the credibility of witnesses and upon evaluating their testimony, rely upon the testimony found to be worthy of belief and reject such testimony found by it to be untrue.” I.R. v. State, 385 So.2d 686, 687 (Fla. 3d DCA 1980). The court found the State’s witnesses, particularly P.W., to be more believable than those for the defense. There is sufficient support in this record for this finding.
We must also agree that a new trial was not warranted on the basis of the “newly discovered evidence” presented by R.A.S. in his motion for rehearing. The standards for granting a new trial based on newly discovered evidence were established in Clark v. State, 379 So.2d 97 (Fla.1980). A new trial will not be granted
[ujnless the evidence was discovered after trial, unless due diligence was exercised to have such evidence at the former trial, unless the evidence goes to the merits of the cause and not merely to impeach a witness who testified, unless the evidence is not cumulative, and unless it is such that it probably would have changed the verdict.
Id. at 101. In this case, the evidence (school records indicating R.A.S.’ attendance for part of the day) was available to thd defense at all times during trial, but was not produced. This demonstrates a lack of due diligence. Further, the evidence is merely cumulative of other contradictions of the testimony of the State’s *345 witnesses, and is not inconsistent with the testimony of P.W., relied on by the trial court. Therefore, we find that the evidence probably would not have changed the verdict.
Affirmed.
ERVIN, C.J., and ZEHMER, J., concur.