469 So.2d 224 (1985)
Gregory HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2475.
District Court of Appeal of Florida, Second District.
May 24, 1985.
*225 James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm defendant's conviction for felony petit theft, a violation of section 812.014(2)(c), Florida Statutes (1983).
The offense for which defendant was charged involved his stealing a sum of money from a store. He was charged with felony petit theft on the basis that he had previously been convicted of misdemeanor petit theft and also of grand theft and that his conviction for his current offense constituted his third conviction within the meaning of the foregoing statute.
Section 812.014(2)(c) provides that, "Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree... ." Defendant argues that he did not have two prior petit theft convictions as required by that statute in order to justify a conviction for a felony. We disagree with defendant and affirm.
While our attention has been directed to no case law directly in point, nor have we found any, we believe rationales in State v. Harris, 356 So.2d 315 (Fla. 1978), and Ezell v. State, 384 So.2d 1309 (Fla. 2d DCA 1980), support the conviction of defendant for felony petit theft. In Harris the Florida Supreme Court analogized section 812.021(3), Florida Statutes (1977), the predecessor of section 812.014, Florida Statutes (1983), with section 775.084, the habitual felony offender statute, saying that the two statutes "are essentially identical, with similar purposes, and should afford to a defendant the same procedural safeguards." 356 So.2d at 316. In Ezell this court, in construing the habitual felony offender statute, found that for purposes of determining the number of prior offenses of defendant, a prior felony should be treated as at least the equivalent of a prior misdemeanor. "Surely the legislature did not intend to punish a defendant who has committed two misdemeanors more severely than one who has committed a felony and a misdemeanor." 384 So.2d at 1310. Similarly, in the case at hand we conclude that in section 812.014(2)(c) the legislature did not intend to punish defendant who had committed a prior felony and a prior misdemeanor less severely than one who had committed two prior misdemeanors.
Affirmed.
RYDER, C.J., and FRANK, J., concur.