490 So.2d 85 (1986)
In the INTEREST of J.L.P., a Child.
No. BI-9.
District Court of Appeal of Florida, First District.
January 15, 1986.
*86 Louis O. Frost, Jr., Public Defender and Elaine Lucas, Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The delinquency petition was filed for appellant, age fourteen, for allegedly stealing a bicycle pump from Woolworth's and for resisting a Woolworth's employee who tried to recover the pump. Appellant moved to dismiss the latter charge on the ground that the petition failed to allege that he had subsequently been found guilty of theft, a material element of the charge. At the adjudicatory hearing, the court heard argument on the motion to dismiss and denied the motion, as well as an oral motion for judgment of acquittal based upon the insufficiency of the evidence.
We find no merit to appellant's attack on the conviction for theft of the bicycle pump and affirm the denial of the motion for judgment of acquittal.
We are compelled to agree with appellant that section 812.015(6), Florida Statutes (1983), as written requires, as an essential element of the offense of resisting a merchant, that the defendant be "subsequently found to be guilty of theft of the subject merchandise." Although it is doubtful that the legislature intended to require a finding of guilt on the theft charge before a defendant could be charged with resisting a merchant, that is the result under the clear and unequivocal language of the statute. This will, in all probability, create speedy trial problems for prosecutors, when both crimes arise from the same incident. There is no way we can repair this statute by judicial construction. If the legislature intends for the offense of resisting a merchant to be charged simultaneously with the theft offense, it will have to amend the statute. This same construction of the statute has been reached by the Fifth District Court of Appeal in K.M.S. v. State, 402 So.2d 593 (Fla. 5th DCA 1981).
The decision of the trial court is AFFIRMED in part, REVERSED in part, and REMANDED with instructions to dismiss the count alleging resisting a retail merchant.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.