MILLS, Judge.
W.L.B. entered a plea of nolo contendere to a charge of resisting a merchant, Section 812.015(6), Florida Statutes (1985), reserving the right to appeal the denial of a motion to dismiss that charge. We affirm.
On 26 April 1986, W.L.B. was arrested following the alleged theft of $49.95 worth of watches from Sears and a struggle with store personnel who attempted to recover the merchandise. Although immediately after his arrest, W.L.B. was charged with petit theft and resisting a merchant, the latter charge was dropped based on this court’s decision in In the Interest of J.L.P., 490 So.2d 85 (Fla. 1st DCA 1986).
An individual commits the offense of resisting a merchant when he resists the reasonable efforts of a merchant to recover merchandise reasonably believed by the merchant to be stolen, which individual is subsequently found to be guilty of theft of *51 the subject merchandise. Section 812.-015(6) (emphasis supplied). J.L.P. held that, based on this language, there must be a finding of guilt on the theft charge before a defendant could be charged with resisting a merchant. On 10 May 1986, a petition for delinquency was filed charging only petit theft.
W.L.B. was found guilty of petit theft on 23 July 1986. On the same day, a second petition for delinquency was filed charging resisting a merchant. W.L.B. moved to dismiss the latter petition as untimely filed, in reliance on Section 39.05(6), Florida Statutes (1985). This statute provides, in pertinent part:
On motion by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody.
“Taken into custody” is defined by Section 39.01(33), Florida Statutes (1985), as meaning
the status of a child immediately when temporary physical control over the child is attained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.
Defense counsel argued that W.L.B. had been taken into custody on 26 April 1986 for petit theft and resisting a merchant; because the statutorily prescribed 45-day period had passed before the finding of guilt on the theft charge, the State was precluded from filing a second petition charging resisting. The State countered with J.L.P., arguing that no offense of resisting a merchant existed until 23 July 1986 when W.L.B. was found guilty of theft. The court denied the motion, finding that W.L.B. was taken into custody on 26 April 1986 only on the petit theft charge. W.L.B. then pled nolo contendere to the resisting charge, reserving the right to appeal the denial of the motion.
An essential element of the offense of resisting a merchant is that the defendant be “subsequently found to be guilty of theft of the subject merchandise.” This language clearly and unequivocally requires a finding of guilt on the theft charge before a defendant can be charged with resisting a merchant. J.L.P. at 86. We therefore find that the offense of resisting a merchant was incomplete at the time of the alleged petit theft, and that W.L.B. could not have been taken into custody for or charged with it until he was convicted of the theft on 23 July 1986. Consequently, the 45-day period prescribed by Section 39.05(6) could not begin to run until that date and the motion to dismiss was correctly denied.
Affirmed.
SHIVERS and THOMPSON, JJ., concur.