ON MOTION FOR REHEARING
LETTS, Judge.
The petition for rehearing is granted. The original opinion is withdrawn and we substitute the following opinion:
The defendant was charged and convicted of robbery. Among other points raised, the defendant contends that the trial court erred in refusing a requested jury instruction on theft, aggravated assault and simple assault. Although the trial court found that there was a total lack of evidence as to the necessarily lesser included offense, case law provides that, upon request, the defendant is entitled to an instruction on necessarily lesser included offenses. Brown v. State, 206 So.2d 377 (Fla.1968). However, there is no need to instruct on a requested lesser offense which is not necessarily included in the charged offense, when there is a total lack of evidence as to the lesser offense. State v. Abreau, 363 So.2d 1063 (Fla.1978).
In this particular case, theft is the only necessarily lesser included offense as it is but one step removed from the robbery offense. Thus, failure to give it here constitutes reversible error. See Williams v. State, 461 So.2d 1010 (Fla. 5th DCA 1984).
We also note that the trial court imposed court costs pursuant to section 27.3455, Florida Statutes (1985), without giving notice and having a hearing to re-determine whether he is an indigent after his trial. Notice is not necessary because the statute taxing costs gives the defendant the option to seek community service. Davis v. State, 501 So.2d 744 (Fla. 4th DCA 1987); Mays v. State, 502 So.2d 1330 (Fla. 4th DCA 1987). Otherwise, notice is mandated. Lawton v. State, 492 So.2d 404 (Fla. 1st DCA 1986); Jenkins v. State, 444 So.2d 947 (Fla.1984).
Accordingly, we reverse the defendant’s conviction and remand for a new trial.
HERSEY, C.J., and STONE, J., concur.