HENDRY, Judge.
The juvenile appellant was charged by petition for delinquency with one count of petit theft for taking candy from a Winn Dixie grocery store, in violation of section 812.014(2)(c), Florida Statutes (1983), and two counts of resisting the efforts of two store employees to recover the candy, in violation of section 812.015(6), Florida Statutes (1983).[1] He was adjudicated delinquent on all counts.
We affirm the delinquency order under review upon the following briefly stated legal analysis. As to the petit theft charge, we reject appellant’s contention that the court erred in denying the juvenile’s motion for a judgment of acquittal. While the juvenile’s and other witnesses’ versions of the events were conflicting, the evidence supported the trial court’s determination that every reasonable hypothesis but that of the juvenile’s guilt had been excluded. See R.A.S. v. State, 458 So.2d 343 (Fla. 1st DCA 1984).
We also affirm the adjudication of delinquency for the two counts of resisting a merchant. The trial court’s finding that the juvenile had committed the charged act of petit theft satisfied the requirement of section 812.051(6) that in order to be convicted for resisting a merchant, one must be found guilty of the underlying theft. We are not persuaded by appellant’s argument on appeal that the motion for judgment of acquittal as to these counts should have been granted because the statute precludes the bringing of such charge until after a conviction for petit theft has been obtained.[2] We recognize that two other district courts have taken this position. In the Interest of J.L.P., 490 So.2d 85 (Fla. 1st DCA 1986) (affirming delinquency adjudication based on theft of bicycle pump, but remanding for dismissal of charge of resisting a merchant, holding that the statute required a finding of guilt on the theft charge before a defendant could be charged with resisting arrest); K.M.S. v. State, 402 So.2d 593 (Fla. 5th DCA 1981) (failure of count charging juvenile with resisting a merchant to include element that juvenile was subsequently found to be guilty of theft of the subject merchandise entitled juvenile to granting of motion to dismiss).
Affirmed.

. Section 812.015(6) provides as follows:
An individual who resists the reasonable effort of a law enforcement officer, merchant, merchant’s employee ... to recover merchandise ... which the law enforcement officer, merchant, merchant's employee ... had probable cause to believe the individual had concealed or removed from its place of display or elsewhere and who is subsequently found to be guilty of theft of the subject merchandise ... is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084, unless the individual did not know, or did not have reason to know, that the person seeking to recover the merchandise ... was a law enforcement officer, merchant, merchant’s employee....
(Emphasis supplied.)

. In moving the trial court for a judgment of acquittal as to the charges of resisting a merchant, the juvenile’s appointed counsel argued only that the state had failed to prove the petit theft charge, and thus, the motion should be granted.