515 So.2d 394 (1987)
Earl Morris JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. BP-255.
District Court of Appeal of Florida, First District.
November 13, 1987.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, who had two previous grand theft convictions, was arrested for retail theft after shoplifting a pair of $10.00 sunglasses from Albertson's. Relying on section 812.014(2)(c), Florida Statutes (1985), the state charged appellant with felony petit theft. Appellant entered a plea of no contest, specifically reserving the right to *395 appeal the jurisdiction of the court over a charge of felony petit theft where the two underlying prior thefts were grand thefts rather than petit thefts. He was sentenced to thirty months in prison. We reverse.
Section 812.014(2)(c) provides that upon a third or subsequent conviction for petit theft, an offender shall be guilty of a felony of the third degree. The state contends it was permissible to reclassify appellant's misdemeanor petit theft to felony petit theft based on the rationale of Hall v. State, 469 So.2d 224 (Fla. 2nd DCA 1985). In Hall, the defendant was charged with felony petit theft on the basis of a prior petit theft and a prior grand theft. He argued that the statute's requirement of two prior petit thefts could not be satisfied by one grand and one petit theft conviction. However, the court found that the Legislature could not have intended that a defendant who had committed a prior felony and a prior misdemeanor should be punished less severely than one who had committed two prior misdemeanors. We must respectfully disagree with the decision of our sister court in Hall.
As we view it, the issue is whether the court, by adding language, can change the elements of an offense prescribed by statute. Criminal statutes are strictly construed, and when the language is susceptible of differing constructions, the statute should be construed most favorably to the accused. § 775.021(1), Fla. Stat. (1985). Penal statutes should not be interpreted so as to find that a conviction may be obtained under circumstances other than as delineated by the plain language of the statute. Courts have no power to define a crime differently than does the statute. See, State v. Graydon, 506 So.2d 393 (Fla. 1987).
The Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. Thayer v. State, 335 So.2d 815, 817 (Fla. 1976). If the Legislature had intended a third theft, otherwise petit in degree, to be punished as a felony if a defendant had one prior petit and one prior grand theft, or if the defendant had two prior grand thefts, it is to be presumed it would have said so. Further, we do not agree that reclassification of misdemeanor petit theft to felony petit theft only after a third or subsequent conviction of petit theft as provided for in section 812.014(2)(c) makes no sense or leads to absurd results.
Obviously, by enacting section 812.014(2)(c), the Legislature intended that repeat petit theft offenders would be treated more severely. However, a defendant with one prior petit theft and one prior grand theft, or a defendant with two prior grand thefts, has already been subjected to the greater punishment for his prior grand theft or grand thefts. In such cases, one is not dealing with a repeat petit theft offender who will manage to escape more serious consequences for his repeated acts of criminality, but for the provisions of section 812.014(2)(c), since presumably, those defendants previously convicted of the more severe crime of grand theft would have already been punished more severely therefor.
We must also disagree with the rationale expressed by our sister court in Hall for the further reason that we feel the case of Ezell v. State, 384 So.2d 1309 (Fla. 2nd DCA 1980), upon which the court relied in Hall, does not control the issue faced in this case, and by the court in Hall. In Ezell, the court held that a prior felony conviction which occurred more than five years in the past was at least the equivalent of one of the two first degree misdemeanors required for sentencing as an habitual felony offender; and, consequently, when considered with one first degree misdemeanor, the existence of the prior felony offense permitted the defendant to be sentenced as an habitual offender. Ezell involved the habitual offender statute, an enhancement statute, whereas this case and the Hall case involved section 812.014(2)(c), a reclassification statute. As this court previously recognized in Cooper v. State, 455 So.2d 588, 589 (Fla. 1st DCA 1984), an enhancement statute is commonly associated with the province of the judge in sentencing, whereas reclassification speaks *396 to the degree of the crime charged, and appears to attach at the time the indictment or information is filed and not at the time a conviction is obtained. See, e.g., Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984) (reclassification, upon defendant's adjudication of habitual offender status, of aggravated battery offense from second degree felony to a first degree felony was error as the habitual offender law does not mandate or authorize the reclassification of offenses; only the imposition of sentences which exceed normal statutory maximum are authorized). The ramifications of reclassification are illustrated by the facts underlying the Cuthbert case since there, the wrongful reclassification of an aggravated battery offense from a second degree felony to a first degree felony added 42 more points to that defendant's guidelines score.
For the foregoing reasons, we reverse the conviction and sentence, and hereby certify conflict with the decision of the Second District Court of Appeal in Hall v. State, 469 So.2d 224 (Fla. 2nd DCA 1985), pursuant to the provisions of rule 9.030(a)(2)(A)(iv).
REVERSED.
WENTWORTH and JOANOS, JJ., concur.