516 So.2d 58 (1987)
Jaquelyn Frances HART, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1684.
District Court of Appeal of Florida, Second District.
December 2, 1987.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Jacquelyn Frances Hart appeals the imposition of restitution, a supplemental fine, court costs, and a lien for the fees of the public defender. The issues of restitution and supplemental fine are not properly before this court. We strike the court costs and the public defender's lien.
The appellant argues that the trial court erred in failing to consider, as is required by section 775.089(6), Florida Statutes (1985), her financial resources when imposing restitution. Because an order of restitution has not been rendered in this cause, this argument is not properly before this court. Billie v. State, 473 So.2d 34 (Fla. 2d DCA 1985).
The appellant also argues that the trial court did not have jurisdiction to impose *59 restitution and a supplemental fine pursuant to section 812.032, Florida Statutes (1985). As we have noted, restitution was not imposed in the sense that an order was rendered thereon. However, restitution was orally imposed at a hearing that was held after the notice of appeal of this cause was filed. The filing of a notice of appeal in a case divests a trial court of jurisdiction of that case as far as are concerned matters which interfere with the power and authority of the appellate court or the rights of a party to the appeal which are under consideration by the appellate court. Palma Sola Harbor Condominium, Inc. v. Huber, 374 So.2d 1135 (Fla. 2d DCA 1979).
The appellant in this case is appealing her sentence. Restitution is a part of a sentence. Consequently, the trial court did not have jurisdiction to conduct a restitution hearing after the notice of appeal had been filed. Accordingly, the trial court must hold another hearing before it renders an order of restitution in this case.
The appellant also argues that she was not given prior notice of the trial court's intention to impose court costs and a public defender's lien. The record contains an "Order and Final Judgment" imposing attorney's fees of $4,400 and court costs of $834.90 pursuant to section 27.56, Florida Statutes (1985). The record does not contain evidence that the appellant was notified prior to the sentencing hearing of the trial court's intention to impose these assessments, and the appellant did not waive notice of them in her affidavit of indigency. Consequently, we strike the court costs and the public defender's lien without prejudice to the state to seek to reassess them upon compliance with the notice and hearing requirements of Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Reversed and remanded with directions consistent with this opinion.
SCHEB, A.C.J., and SCHOONOVER, J., concur.