PER CURIAM.
We have for review K.C. v. State, 507 So.2d 769 (Fla. 3d DCA 1987), which is in express and direct conflict with decisions of other district courts. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The state charged K.C., a juvenile, with one count of petit theft for taking candy from a grocery store, in violation of section 812.014(2)(c), Florida Statutes (1983), and *659 two counts of resisting a store employee’s efforts to recover the merchandise, in violation of section 812.015(6), Florida Statutes (1983), which provides
[a]n individual who resists the reasonable effort of a law enforcement officer, merchant, merchant’s employee, or farmer to recover merchandise or farm produce which the law enforcement officer, merchant, merchant’s employee or farmer had probable cause to believe the individual had concealed or removed from its place of display or elsewhere and who is subsequently found to be guilty of theft of the subject merchandise or farm produce is guilty of a misdemeanor of the first degree, ... unless the individual did not know, or did not have reason to know, that the person seeking to recover the merchandise or farm produce was a law enforcement officer, merchant, merchant’s employee, or farmer. (Emphasis supplied.)
Petitioner was adjudicated delinquent on all counts, and argued on appeal that section 812.015(6) precludes the state from charging the offense of resisting a merchant prior to the conviction for the underlying theft. The district court affirmed both convictions, reasoning that the trial court’s finding of guilt as to the petit theft charge “satisfied the requirement of section 812.-015(6) that in order to be convicted for resisting a merchant, one must be found guilty of the underlying theft.” K.C., 507 So.2d at 770.
The court recognized conflict with the First and Fifth District Courts of Appeal which have held that section 812.015(6) requires a finding of guilt on the underlying theft before the state can bring the charge of resisting a merchant. See In the Interest of J.L.P., 490 So.2d 85 (Fla. 1st DCA 1986); K.M.S. v. State, 402 So.2d 593 (Fla. 5th DCA 1981). Accord In the Interest of W.L.B., 502 So.2d 50 (Fla. 1st DCA 1987). We find these holdings consistent with the plain language of section 812.015(6). As defined, the subsequent finding of guilt as to the underlying theft is a material element of the offense of resisting a merchant. An information must allege each of the crime’s essential elements to be valid. State v. Gray, 435 So.2d 816 (Fla.1983); State v. Dye, 346 So.2d 538 (Fla.1977). The state cannot charge the offense of resisting a merchant until it can allege the essential element that the accused has been convicted of the theft.
The state argues that this interpretation results in separate trials, unnecessarily and unduly burdening the judicial system. Regardless of our views on this argument’s merit, the clear and unequivocal language of section 812.015(6) leaves no room for interpretation. We have consistently recognized that courts are powerless to modify statutory language which is clear, plain and unambiguous. See, e.g., Graham v. State, 472 So.2d 464 (Fla.1985); Dade County v. National Bulk Carriers, 450 So.2d 213 (Fla.1984); State v. Elder, 382 So.2d 687 (Fla.1980).
Accordingly, we quash the district court’s decision, reverse K.C.’s convictions for resisting efforts to recover merchandise, and remand to the trial court for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, C.J., concurs.