526 So.2d 58 (1988)
STATE of Florida, Petitioner,
v.
Earl Morris JACKSON, Respondent.
No. 71599.
Supreme Court of Florida.
June 2, 1988.
*59 Robert A. Butterworth, Atty. Gen. and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer and David A. Davis, Asst. Public Defenders, and Donald B. Mairs, Certified Legal Intern, Second Judicial Circuit, Tallahassee, for respondent.
SHAW, Justice.
We have for review Jackson v. State, 515 So.2d 394 (Fla. 1st DCA 1987), in which the district court certified conflict with Hall v. State, 469 So.2d 224 (Fla. 2d DCA 1985). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the decision of the district court below.
Jackson, who had two prior grand theft convictions, was charged with a petit theft offense for shoplifting a pair of sunglasses. Upon conviction, the trial court reclassified Jackson's petit theft to felony petit theft pursuant to section 812.014(2)(c), Florida Statutes (1985), which provides that:
Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony....
The district court reversed, ruling that where the statute calls for reclassification based upon two prior petit thefts, the trial court erred in basing reclassification upon two prior grand thefts. The district court certified conflict with Hall, in which the Second District Court of Appeal approved the reclassification of a petit theft to a felony petit theft under the same statute on the basis of a prior petit theft and grand theft.
It is axiomatic that where the legislature has defined a crime in specific terms, the courts are without authority to define it differently. See State v. Graydon, 506 So.2d 393 (Fla. 1987). An exception is made where a literal interpretation of a statute yields absurd results. See Williams v. State, 492 So.2d 1051 (Fla. 1986). Criminal statutes are to be construed strictly and in favor of the accused. Section 775.021(1), Florida Statutes (1987), provides:
The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
The language of the instant statute is unequivocable  two petit thefts are required as prior offenses in order for a third petit theft to be reclassified as a felony petit theft. A literal interpretation of this provision yields eminently reasonable results. By enacting section 812.014(2)(c), the legislature intended that repeat petit theft offenders would be treated more seriously than nonrepeat petit theft offenders. Grand theft offenders, on the other hand, have already been subjected to greater punishment based on the higher degree of their offenses. We therefore reject Hall *60 and approve the decision of the district court below.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT and KOGAN, JJ., concur.
GRIMES, J., dissenting with an opinion.
GRIMES, Justice, dissenting.
A literal reading of the statute means that a person with two prior convictions of petit theft is treated more severely than one with two prior convictions of grand theft. This strikes me as an absurd result which "exalts form over substance to the detriment of public policy." Williams v. State, 492 So.2d 1051, 1054 (Fla. 1986). It is true that previous grand theft offenders have served longer sentences because of their offenses, but this is irrelevant to the determination of how they should be punished for their new crime. I would reverse the decision of the district court of appeal and affirm the conviction. See Ezell v. State, 384 So.2d 1309 (Fla. 2d DCA 1980) (construing a prior felony conviction as the equivalent of one of the two first-degree misdemeanors required for sentencing as a habitual felony offender).