PER CURIAM.
Norman Daughtry appeals his convictions and sentences for burglary, felony petit theft, and battery.* We affirm the convictions but remand for resentencing.
The first of two separate informa-tions alleged that Daughtry, “having twice previously been convicted of petit theft,” took merchandise of an unspecified value from a Montgomery Ward store in St. Pe-tersburg. A jury found Daughtry guilty as charged. At sentencing he objected to the use of two prior petit theft convictions, purportedly uncounseled, for reclassification of the offense to felony status. The state, citing this court’s decision in Hall v. State, 469 So.2d 224 (Fla. 2d DCA 1985), offered proof of six prior grand theft convictions in lieu of the challenged misdemeanors. The trial court found “a sufficient amount of adjudications ... because grand theft is just as bad as petty [sic] theft.” It went on to declare Daughtry a habitual offender pursuant to section 775.-084, Florida Statutes (1987), thereby increasing the maximum possible sentence to ten years.,
In the interim between Daughtry’s sentencing and the submission of his initial brief on appeal Hall has been disapproved by the supreme court, which applied a strict construction of section 812.014(2)(d), Florida Statutes (1987) (“... third or subsequent conviction for petit theft ... ”). State v. Jackson, 526 So.2d 58 (Fla.1988). Accordingly, we must remand for resen-tencing.
In the second information Daughtry was charged with burglary of a structure and battery, to which he entered a plea of no contest. Again the court found that Daughtry qualified as a habitual offender, based on “one of the more impressive records this court has ever seen,” and imposed a sentence of ten years concurrent with the sentence for theft. Daughtry argues that the court’s findings of fact in support of the enhanced sentence are legally insufficient. We agree and, again, remand for a new sentencing hearing. See, e.g., Scott v. State, 446 So.2d 261 (Fla. 2d DCA 1984).
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.

 The conviction and sentence for battery are not contested on appeal, and are affirmed.