SCHOONOVER, Acting Chief Judge.
The appellant, Tony Lamar Coffie, challenges the judgments and sentences imposed upon him after he was adjudicated guilty of felony petit theft and resisting a merchant. We affirm the appellant’s conviction for petit theft, but reverse and remand in all other respects.
The appellant was charged with felony petit theft in violation of section 812.014, Florida Statutes (1985), and with resisting a merchant in violation of section 812.-015(6), Florida Statutes (1985). A jury found the appellant guilty of petit theft by stealing a package of "fruit of the loom” underwear and guilty of resisting a merchant. The state then presented evidence of two prior grand theft convictions and asked the court to reclassify the petit theft to felony petit theft pursuant to section 812.014(2)(c). The court granted the state’s request and reclassified the appellant’s pet-it theft conviction to felony petit theft. The appellant was then adjudicated guilty of both offenses and sentenced to serve five years imprisonment on the felony petit theft charge and one year on the resisting a merchant charge. The sentences were ordered to be served concurrently. The court also assessed attorney’s fees, court costs, and fines. This timely appeal followed.
The appellant raises three issues on appeal. We find merit in all of them.
First, the appellant contends that the trial court erred by reclassifying his petit theft conviction to a felony. At the time the appellant was sentenced, the court was bound by and followed this court’s decision in Hall v. State, 469 So.2d 224 (Fla. 2d DCA 1985). In Hall, we held that two prior grand theft convictions constituted a proper predicate for the reclassification of the charge. However, after the appellant was sentenced the supreme court disapproved our Hall decision. In State v. Jackson, 526 So.2d 58 (Fla.1988), the supreme court held that section 812.014(2)(c) permits reclassification based upon two prior petit theft convictions, but not upon two prior grand theft convictions. We, therefore, reverse the appellant’s conviction of *425 felony petit theft, and remand for the entry of judgment and sentence on the petit theft charge.
Next, the appellant contends that he was improperly convicted of the offense of resisting a merchant because he could not be tried on that charge until there was a conviction of the underlying theft. Although there was sufficient evidence to find that the appellant was guilty of the crime of resisting a merchant, the supreme court’s decision in K.C. v. State, 524 So.2d 658 (Fla.1988) (also rendered after the appellant was sentenced in this case), requires us to reverse on this charge as well. In K.C., the supreme court held that section 812.015(6) requires a finding of guilt on the underlying theft before the state can bring the charge of resisting a merchant. The court held that an information must allege each of the crime’s essential elements to be valid and the subsequent finding of guilt as to the underlying theft is a material element of the offense of resisting a merchant. We must, therefore, in accordance with K. C., reverse the appellant’s conviction of resisting a merchant and remand for proceedings consistent herewith.
Last, the appellant also correctly contends that the court erred by imposing court costs and attorney’s fees without proper notice and opportunity to be heard. Hart v. State, 516 So.2d 58 (Fla. 2d DCA 1987); Jenkins v. State, 444 So.2d 947 (Fla.1984). We, accordingly, strike the imposition of these items without prejudice to the state seeking their imposition again upon remand.
Affirmed in part, reversed in part, and remanded.
LEHAN and PATTERSON, JJ., concur.