DIAMANTIS, Judge.
The state appeals the order of the trial court granting defendant’s motion for a new trial.[1] We conclude that defendant failed to sustain the burden of proving his right to a new trial and, therefore, reverse.
The state filed a petition of delinquency against defendant, M.H., charging him with the sale and delivery of cannabis. Defendant, a high school student, was charged with selling a bag of cannabis to another student during school hours. The matter proceeded to trial, non-jury. Based upon the evidence presented, the trial court found defendant guilty as charged.
After the trial court entered its finding of guilt, defendant orally moved for a new trial or rehearing under Florida Rule of Juvenile Procedure 8.230(a)(4)[2] claiming *563 that a new trial was required because of newly discovered and material evidence. After hearing argument on the motion, the trial court granted defendant a new trial. This appeal followed.
In moving for a new trial on the basis of newly discovered evidence a defendant must prove:
(1) the evidence was discovered after trial;
(2) reasonable diligence was exercised in attempting to discover such evidence before trial;
(3) the evidence goes to the merits of the case;
(4) the evidence is not merely cumulative; and
(5) the evidence is such that, had it been presented at trial, it probably would have produced a different result. Clark v. State, 379 So.2d 97 (Fla.1979); Thomas v. State, 374 So.2d 508 (Fla.1979); Harvey v. State, 87 So.2d 582 (Fla.1956). See also Fla.R.Juv.P. 8.230(a)(4).
Here, defendant argued that a new trial was required because, immediately after trial, his counsel discovered that at the time defendant was arrested he did not have a twenty-dollar bill on his person. Defendant claimed that this fact would have been material to his case since the state’s evidence indicated that in exchange for the bag of cannabis defendant received a twenty-dollar bill. Defendant failed, however, to prove that reasonable diligence was exercised in an attempt to discover this evidence before trial. Defense counsel candidly admitted that she failed to depose any of the state’s witnesses — presumably, had she deposed the arresting officer she would have been able to discover this information prior to trial. Defense counsel also admitted that the property receipt states that no twenty-dollar bill was confiscated from defendant at the time of his arrest. Further, defendant should certainly have been aware of the property which was confiscated from his person at the time of his arrest and he therefore should have relayed such information to his counsel before trial. Moreover, during trial, defendant certainly had the opportunity to question the arresting officer concerning this issue.
Since there was not a sufficient showing of reasonable diligence, it was error for the trial court to grant defendant a new trial. Here, we distinguish between newly discovered evidence which Rule 8.230(a)(4) contemplates, and newly obtained but earlier discoverable evidence which the rule excludes. See R.A.S. v. State, 458 So.2d 343 (Fla. 1st DCA 1984).
The order of the trial court granting defendant a new trial is reversed and this matter remanded with instructions that the lower court’s finding of guilt be reinstated.
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.

. This court has jurisdiction to review this case pursuant to Rule 9.140(c)(1)(C) of the Florida Rules of Appellate Procedure.

. Rule 8.230 MOTION FOR REHEARING
(a) Basis. After the court has entered ..., an order of adjudication, or an order withholding adjudication, any party may move for rehearing upon one or more of the following grounds:
******
(4) That there exists new and material evidence which, if introduced at the hearing, would probably have changed the court’s decision and could not with reasonable diligence have been discovered before and produced at the hearing.