Mr. David B. Erwin Lakeland City Attorney Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. Erwin:
You have asked for my opinion on substantially the following questions:
1. Do the provisions of section 364.24, Florida Statutes, apply to the City of Lakeland when it acts in its capacity as a telecommunications company?
2. Does section 119.07(3)(r), Florida Statutes (1996 Supp.), apply to records disclosed by the City of Lakeland when it acts in its capacity as a telecommunications company?
In sum:
1. The City of Lakeland is certified as an alternative local exchange telecommunications company, and when it acts in its capacity as a telecommunications company it is subject to and governed by Chapter 364, Florida Statutes, including section364.24, Florida Statutes.
2. Section 119.07(3)(r), Florida Statutes (1996 Supp.), applies to telecommunications records of the City of Lakeland's telephone subscribers when such information is disclosed by the city in its capacity as a telecommunications company, and requires that such records be maintained as confidential by the recipient governmental agency.
The City of Lakeland applied for and received a certificate to provide alternate local exchange telecommunications service pursuant to section 364.337, Florida Statutes.[1] In this capacity the city questions whether its records relating to this service are public records subject to disclosure and copying under the Public Records Law or whether the provisions of Chapter 364, Florida Statutes, which limit disclosure of such records, would apply.
Question One
Pursuant to section 364.02(12), Florida Statutes, a "[t]elecommunications company" is defined to include "every political subdivision in the state, offering two-way telecommunications service to the public for hire within this state by the use of a telecommunications facility." In light of the City of Lakeland's certification as an alternate local exchange telecommunications service provider, the city appears to operate as a telecommunications company for purposes of Chapter 364, Florida Statutes.
Chapter 364, Florida Statutes, establishes particular requirements for inspection of the records and accounts of telecommunications companies. Section 364.18(1), Florida Statutes, authorizes the Public Service Commission or any person authorized by the commission to inspect "the accounts, books, records, and papers of any telecommunications company[.]" This section also provides that any person, other than a Public Service Commissioner, who requests access to the books and papers of such a company "shall produce in writing his or her authority from the commission."[2]
Chapter 364, Florida Statutes, also establishes penalties for disclosing telephone messages or customer account information in violation of the statutes. Specifically, section 364.24, Florida Statutes, provides criminal penalties for such disclosure:
"(1) Except as otherwise deemed by law, any officer or person in the employ of any telecommunications company, or any person in charge of any office, exchange, or place where messages or communications are sent, received, or heard by telephone, who shall disclose or make known to any person other than the person to whom the telephone message or communication is directed, or his or her duly authorized agent, partner, clerk, or some member of his or her family, any part of the contents or substance of any message or communication sent, received, or heard by him or her, by telephone, by reason of the position he or she occupies or fills, without consent of the person sending or receiving such message or communication, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(2) Any officer or person in the employ of any telecommunications company shall not intentionally disclose customer account records except as authorized by the customer or as necessary for billing purposes, or required by subpoena, court order, other process of court, or as otherwise allowed by law. Any person who violates any provision of this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Nothing herein precludes disclosure of customers' names, addresses, or telephone numbers to the extent they are otherwise publicly available."
To the extent that the City of Lakeland operates as a telecommunications company in providing alternative local exchange telecommunications services, the city is bound to treat information and records relating to this service as directed by Chapter 364, Florida Statutes. Therefore, no employee of the city who is working to provide telecommunications services may disclose messages or communications that person may have received or heard by telephone while providing such services except as is provided in the statute.[3] However, as a criminal statute, section 364.24, Florida Statutes, should be read narrowly and may not be extended to apply to conduct, persons or situations not specifically recognized by the statute.[4]
Question Two
In addition to the provisions of Chapter 364, Florida Statutes, which make specified records and information exempt from disclosure when it is held by a telecommunications company, section 119.07(3)(r), Florida Statutes (1996 Supp.), makes certain records supplied by a telecommunications company to a governmental agency confidential and exempt from the Public Records Law. The statute provides that:
"All records supplied by a telecommunications company, as defined by s. 364.02, to a state or local governmental agency which contain the name, address, and telephone number of subscribers are confidential and exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution."
It has already been determined that the City of Lakeland acts as a telecommunications company as defined by section 364.02, Florida Statutes. Thus, to the extent that the city, in its capacity as a telecommunications company, provides telecommunications records to any state or local governmental agency and those records contain the name, address and telephone number of the city's telephone subscribers, that information is confidential and exempt when in the possession of the governmental agency. However, as an exemption from the Public Records Law, this provision may not be extended beyond its terms[5] and it applies specifically to those records of a telecommunications company that contain the name, address, and telephone number of the company's subscribers when such records are provided to another governmental agency.
Therefore, it is my opinion that telecommunications records of the City of Lakeland that contain the names, addresses and telephone numbers of the city's telephone subscribers must be maintained as confidential records pursuant to section 119.07(3)(r), Florida Statutes (1996), when they are supplied by the city to another state or local governmental agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 364.02(1), Fla. Stat. (1995), defining "[a]lternative local exchange telecommunications company" to mean "any company certificated by the [Florida Public Service] commission to provide local exchange telecommunications services in this state on or after July 1, 1995."
[2] Section 364.18(1), Fla. Stat. (1995).
[3] I would note that section 364.337, Fla. Stat. (1995), which provides for the certification of alternate local exchange telecommunications companies, authorizes such companies to petition the Public Service Commission for a waiver of some or all of the requirements of this chapter, except ss. 364.16, 364.336,and subsections (1) and (5). Section 364.336, as discussed herein, provides criminal penalties for the disclosure of telephone messages or communications by telecommunications company employees.
[4] See, e.g., U.S. v. James, 986 F.2d 441 (11th Cir. 1993) (courts must strictly construe criminal statutes to encompass only that conduct which Congress intended to criminalize); City ofMiami Beach v. Galbut, 626 So.2d 192 (Fla. 1993) (when statute imposes a penalty, any doubt as to its meaning must be resolved in favor of strict construction so that those covered by statute have clear notice of what conduct statute proscribes); State v.Jackson, 526 So.2d 58, 59 (Fla. 1988) (where the legislature has defined a crime in specific terms, courts are without authority to define it differently).
[5] See, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Tribune Companyv. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), reviewdenied sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987); Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775
(Fla. 4th DCA 1985), review denied, 488 So.2d 67 (Fla. 1986), for the proposition that the Public Records Law should be liberally construed in favor of open government and exemptions from disclosure are to be narrowly construed so that they are limited to their stated purpose.