Mr. James G. Sisco St. Johns County Attorney Post Office Box 1533 St. Augustine, Florida 32085-1533
Dear Mr. Sisco:
On behalf of the Chairman of the Board of County Commissioners of St. Johns County, you have asked substantially the following question:
Are "computer-generated" building plans and building design calculations marked or designated "trade secret" that were delivered to and filed with the county by private citizens for building permitting purposes exempt from public inspection under the Public Records Law?[1]
In sum:
Building plans and building design calculations which are labeled "trade secret" and filed with a local building department are not exempt from disclosure under section 815.04(3), Florida Statutes, merely because they are "computer-generated."
Your question relates to "computer-generated" building plans or building design calculations. In a telephone conversation, you indicated that you consider "computer-generated" building plans to be those produced by a computer-assisted design program or existing on computer disks. Your reference is not to the computer software involved in producing any such records but to the finished product that is presented to the local governmental agency for permitting purposes.
Florida's Public Records Law, Chapter 119, Florida Statutes, requires that all public records be open at all times for personal inspection by any person. Section 119.011(1), Florida Statutes, defines "public records" to include
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency.
The Florida Supreme Court has determined that this statutory definition includes "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type."[2]
Section 119.07(1)(a), Florida Statutes, requires the custodian of public records to permit the inspection and copying of these records by any person desiring to do so, at reasonable times, under reasonable conditions, and under the supervision of the custodian of the records. However, records "which are presently provided by law to be confidential or which are prohibited from being inspected by the public" are removed from this statutory mandate.[3]
A number of statutes require the submission of building plans or building design calculations to local governments for building permitting purposes.[4] No exception or exemption from the Public Records Law is set forth in the statutes for these plans or calculations. As the court observed in Seigle v. Barry,[5]
"[t]here can be no doubt that information stored on a computer is as much a public record as a written page in a book or a tabulation in a file stored in a filing cabinet."[6]
Your question is whether these plans or calculations may be made confidential or exempt from Chapter 119, Florida Statutes, by their designation as "trade secrets" or because they are produced by computer technology or stored on a computer disk.
Chapter 812, Florida Statutes, sets forth provisions relating to theft, robbery, and related crimes and specifically addresses the theft of trade secrets. The term "[t]rade secret" is defined in section 812.081(1)(c), Florida Statutes, as
"the whole or any portion or phase of any formula, pattern, device, combination of devices, or compilation of information which is for use, or is used, in the operation of a business and which provides the business an advantage, or an opportunity to obtain an advantage, over those who do not know or use it. `Trade secret' includes any scientific, technical, or commercial information, including any design, process, procedure, list of suppliers, list of customers, business code, or improvement thereof. Irrespective of novelty, invention, patentability, the state of the prior art, and the level of skill in the business, art, or field to which the subject matter pertains, a trade secret is considered to be:
1. Secret;
2. Of value;
3. For use or in use by the business; and
4. Of advantage to the business, or providing an opportunity to obtain an advantage, over those who do not know or use it
when the owner thereof takes measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes."
The theft of such is made a crime by the provisions of section812.081(2), Florida Statutes, as amended.[7]
Section 812.081(2), Florida Statutes, as amended, provides that
"[a]ny person who, with intent to deprive or withhold from the owner thereof the control of a trade secret, or with an intent to appropriate a trade secret to his or her own use or to the use of another, steals or embezzles an article representing a trade secret or without authority makes or causes to be made a copy of an article representing a trade secret is guilty of a felony of the third degree. . . ."
This office has stated that the fact that information is designated a trade secret does not independently make such information a trade secret for purposes of section 812.081, Florida Statutes.[8] Moreover, the fact that information constitutes a trade secret does not remove it from the requirements of the Public Records Law. Previous Attorney General's Opinions have concluded that an agency is under a duty to release public records even though such records may constitute trade secrets when there is no statute making the information confidential or exempt from disclosure under Chapter 119, Florida Statutes.[9]
Section 815.04(3)(a), Florida Statutes, part of the "Florida Computer Crimes Act," criminalizes certain offenses against intellectual property and provides a public records exemption as follows:
"Data, programs, or supporting documentation which is a trade secret as defined in s. 812.081 which resides or exists internal or external to a computer, computer system, or computer network which is held by an agency as defined in chapter 119 is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
(b) Whoever willfully, knowingly, and without authorization discloses or takes data, programs, or supporting documentation which is a trade secret as defined in s. 812.081 or is confidential as provided by law residing or existing internal or external to a computer, computer system, or computer network commits an offense against intellectual property."[10]
These statutes provide protection for a limited category of trade secrets that reside or exist internal or external to a computer, computer system, or computer network. In order to qualify for this protection the material must be a "trade secret" and must also be a part of a computer system. Nothing in these statutes reflects a legislative intent to broaden the scope of these limited criminal provisions to provide that records that are otherwise public could be transformed into exempt trade secrets by being manipulated or produced by a computer.[11]
The Public Records Law should be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so that they are limited to their stated purpose.[12]
The public policy favoring open records must be given the broadest possible expression.[13] In addition, as criminal statutes, sections 815.04(3), and 812.081(2), Florida Statutes, should be read narrowly and may not be extended to apply to conduct, persons or situations not specifically recognized by the statute.[14]
By statute this exemption applies only to material "which resides or exists internal or external to a computer, computer system, or computer network. . . ." Therefore, if the exemption were applied as you have suggested, any building plans that exist in hard copy form on paper or otherwise than in some computer manipulated form would not be subject to the exemption. There is no indication that the Legislature sought to protect only building plans and specifications stored on a computer disk while allowing access to such records generated in other formats. Rather, a more reasonable construction is that the Legislature did not consider building plans and specifications filed with a local government to be subject to the trade secret exemption.
In sum, section 815.04(3), Florida Statutes, applies only to data, programs, or supporting documentation which is a trade secret under section 812.081, Florida Statutes, which resides or exists internal or external to a computer, computer system, or computer network and which is held by an agency. Thus, a building plan which is labeled a "trade secret" and is filed with a local building department is not exempt from disclosure under this subsection merely because it is "computer-generated," that is, produced pursuant to a computer program or filed on a computer disk.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] You have also asked whether records marked "copyrighted" may be produced for inspection by a county employee when the documents have been filed with a public agency. This office considered this question in Attorney General Opinion 97-84 to Donald L. Bell, General Counsel, Department of State, concluding that a records custodian may release for inspection and copying copyrighted architectural and engineering plans that must be filed with the agency pursuant to law. However, the custodian should advise those seeking to make copies of copyrighted public records of the penalties of violating the federal law. And see, Op. Att'y Gen. Fla. 90-102 (1990).
[2] Shevin v. Byron, Harless, Schaffer, Reid and Associates,Inc., 379 So.2d 633, 640 (Fla. 1980).
[3] See, s. 119.07(3)(a), Fla. Stat.
[4] See, e.g., s. 553.79(2), Fla. Stat., providing building construction standards and specifically describing the permitting process; s. 489.131(3)(d), Fla. Stat. (1996 Supp.), authorizing local governments to adopt a system of permits requiring the submission and approval of plans and specifications of work to be performed by contractors; and s. 125.56, Fla. Stat.
[5] 422 So.2d 63, 65 (Fla. 4th DCA 1982), review denied,431 So.2d 988 (Fla. 1983)).
[6] Accord, Op. Att'y Gen. Fla. 91-61 (1991) (computer data software disk is a public record); Op. Att'y Gen. Fla. 89-39 (1989) (information stored in computer utilized by county commissioners to facilitate and conduct their official business is subject to Ch. 119, Fla. Stat.); Op. Att'y Gen. Fla. 85-3 (1985) (computer tapes are public records).
[7] Section 1240, Ch. 97-102, Laws of Florida, amended the statute to make references gender neutral.
[8] See, Ops. Att'y Gen. Fla. 95-58 (1995) and 80-31 (1980).
[9] See, Op. Att'y Gen. Fla. 92-43 (1992), stating that s.812.081, Fla. Stat., does not constitute a general exemption to Ch. 119, Fla. Stat.
[10] Section 815.04(4), Fla. Stat. (1996 Supp.), provides criminal penalties for offenses against intellectual property.
[11] See, Op. Att'y Gen. Fla. 95-58 (1995) (records reflecting the development and operation of a private for-profit business enterprise, which are created, copied, or otherwise processed in the computer of a non-profit corporation that is subject to Chapter 119, Florida Statutes, are not exempt from disclosure as a trade secret when such records are processed and manipulated by the corporation's employees using corporate equipment and facilities on corporate time.)
[12] Krischer v. D'Amato, 674 So.2d 909 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987),review denied, 520 So.2d 586 (Fla. 1988); Tribune Company v.Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), review deniedsub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987);Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), review denied, 488 So.2d 67 (Fla. 1986).
[13] Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA 1985), reviewdenied, 475 So.2d 695 (Fla. 1985).
[14] See, e.g., U.S. v. James, 986 F.2d 441 (11th Cir. 1993) (courts must strictly construe criminal statutes to encompass only that conduct which Congress intended to criminalize); City ofMiami Beach v. Galbut, 626 So.2d 192 (Fla. 1993) (When statute imposes a penalty, any doubt as to its meaning must be resolved in favor of strict construction so that those covered by statute have clear notice of what conduct statute proscribes); and State v.Jackson, 526 So.2d 58, 59 (Fla. 1988) (where the Legislature has defined a crime in specific terms, courts are without authority to define it differently).