PER CURIAM.
Jasper D. Grimes admitted guilt and was convicted of felony petit theft of the third degree, pursuant to subsection 812.014(3)(e), Florida Statutes (1997). He contends that his counsel was ineffective in allowing him to enter a plea of guilty because one of the prior convictions used to classify his petit theft conviction as a felony was not a petit theft.
Grimes is correct that one of his prior convictions was not for petit theft; rather, it was for robbery. He is incorrect that the robbery conviction cannot be used as a predicate for a felony petit theft conviction. A former subsection of 812.014, subsection 812.014(2)(d), Florida Statutes' (1991), limited predicate convictions to petit theft. See Jackson v. State, 515 So.2d 394 (Fla. 1st DCA 1987) approved, 526 So.2d 58 (Fla.1988); Coffie v. State, 562 So.2d 423 (Fla. 2d DCA 1990). The statute was revised m 1992 to provide:
A person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree, punishable as provided in s. 775.082 or s. 775.083.
§ 812.014(3)(c). (Emphasis added). Any theft can now qualify as a predicate conviction and, by statutory definition, robbery is clearly a theft. See §§ 812.13(1) & 812.014(1), Fla. Stat. (1997). Additionally, petit theft is a Category 1, lesser included offense of robbery. See § 924.34, Fla. Stat. (1997); Fla. Std. Jury Instr. (Crim.) 386; Berch v. State, 691 So.2d 1148, 1149 (Fla. 3d DCA 1997); Curry v. State, 510 So.2d 317 (Fla. 4th DCA 1987).
We find no merit in the additional point raised by Grimes and affirm the denial of his 3.850 motion.
AFFIRMED.
DAUKSCH, HARRIS and PETERSON, JJ., concur.