GRIFFIN, J.,
concurring specially.
Notwithstanding the long apparently unbroken line of cases supporting our decision, which I am bound to follow, I do not see why the lower court is divested of jurisdiction to enter a restitution order while an appeal of the judgment is pending. Section 960.292, Florida Statutes (1999), seems to contemplate continuing jurisdiction and there appears to be no good reason why the power to enter such orders is tolled while the case is in the appellate court. Such an order has no effect on our appellate jurisdiction. By making the court delay conducting the restitution hearing until after the appeal, we only make matters more difficult for the victims, the judge, the prosecutor and the defendant. I simply do not agree with Hart v. State, 516 So.2d 58 (Fla. 2d DCA 1987), which appears to be a leading source of this view. Another source is Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980), but that case dealt with the modification of a sentence.