PALMER, J.
Samuel Newkirk appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of possession of a firearm by a convicted felon.[1] Newkirk contends that he is entitled to receive a new trial because the prosecutor made improper comments during closing argument, the trial court improperly responded to the jury’s request to see transcripts of the trial testimony, and the trial court abused its discretion when it denied his motion for a new trial based on newly discovered evidence. Finding no error, we affirm.
As for Newkirk’s claim concerning the alleged improper comments made by the prosecutor during closing argument, we disagree with his contentions that the comments improperly bolstered the testimony of the State’s witnesses, or improperly shifted the burden of proof. In addition, the statements which were made without any objection by defense counsel, even if found to be improper, were not so prejudicial as to vitiate the entire trial so as to constitute fundamental error. See Stubbs v. State, 673 So.2d 964 (Fla. 1st DCA 1996).
Concerning Newkirk’s contention that the trial court abused its discretion in responding to the jury’s request for a transcript of witnesses’ trial testimony, we again disagree. The jury sent out a request to see “the witnesses’ transcripts of testimony.” In response, the trial court instructed the jury that it must “rely upon your recollection and notes regarding the witnesses’ testimony.” Newkirk contends that this response justifies the grant of a new trial because it improperly implied to the jury that it could not request a read back of any part of the witnesses’ testimony. However, defense counsel never requested that the court’s response make reference to a read back. In fact, defense counsel specifically stated: “I understand we don’t want to suggest a read back.” Defense counsel also failed to suggest any alternative to the response given to the jury by the court. The trial court possesses wide discretion when responding to a jury’s request for a read back and in this case the trial court did not abuse its discretion denying a general request for transcripts of all of the witnesses’ testimony. See Coleman v. State, 610 So.2d 1283 (Fla. 1992).[2]
As to Newkirk’s motion for new trial based on newly discovered evidence, the trial court did not abuse its discretion in denying that motion. Clark v. State, 379 So.2d 97 (Fla.1979). The newly discovered evidence which was proffered to the trial court confirmed that the information sought to be introduced was known to Newkirk immediately after the incident took place and therefore, was not newly *1208 discovered. In addition, the record supports the trial court’s conclusion that said testimony would not have produced a different result in the outcome of Newkirk’s trial. State v. M.H., 571 So.2d 562 (Fla. 5th DCA 1990).
Judgment and Sentence AFFIRMED.
SHARP, W., and PLEUS, JJ., concur.

. § 775.087(2)(a)l, Fla. Stat. (1997).

. Even if the trial court's response was deemed error, any such error would have been harmless, when viewed in light of all the facts in this case. See §§ 59.041; 924.33, Fla. Stat. (1997); see also State v. DiGuilio, 491 So.2d 1129 (Fla.1986).