614 So.2d 1155 (1993)
STATE of Florida, Appellant,
v.
William ROBERTSON, Appellee.
No. 91-3433.
District Court of Appeal of Florida, Fourth District.
February 17, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dawn S. Wynn, Asst. Atty. Gen., West Palm Beach, for appellant.
Young T. Tindall, Fort Lauderdale, for appellee.
PER CURIAM
In this case involving a conviction for a violation of section 790.221, Florida Statutes (1991), we reverse the sentence of probation on the authority of State v. McKendry, 614 So.2d 1158 (Fla. 1993), which involved the identical issue presented here. We certify, however, the following question to the supreme court as of great public importance:
DOES THE MANDATORY MINIMUM SENTENCE REQUIREMENT OF SECTION 790.221 PRECLUDE THE IMPOSITION OF COMMUNITY CONTROL UNDER SECTION 948.01, WHERE THE GUIDELINES SCORESHEET PERMITS ANY NON-STATE PRISON SANCTION?
REVERSED AND REMANDED FOR RESENTENCING.
WARNER, J., and DOWNEY, JAMES C., Senior Judge, concur.
FARMER, J., concurs specially with opinion.
FARMER, Judge, specially concurring.
Defendant was charged with, and convicted of, violating section 790.221(1), Florida Statutes (1991). The penalty for this violation is set out in subsection (2) of the same statute, which says in its entirety:
A person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Upon conviction thereof he shall be sentenced to a mandatory minimum term of imprisonment of 5 years. [e.s.]
At sentencing, the trial judge accepted the defendant's argument that section 948.01, Florida Statutes (1991), allowed the judge to forego any incarceration by, instead, withholding adjudication and imposing a period of community control. From such a sentence, the state appeals.
Taking the meaning of this text literally, the locution "mandatory minimum" appears to make the 5-year period of imprisonment unavoidable to any person who violates the statute. The term "mandatory" seems to require that incarceration is obligatory, while the term "minimum" seems to prescribe the shortest duration of imprisonment that the sentencing judge can specify. Like Humpty Dumpty, however, it seems that when the legislature uses a word, it means only what it chooses it to mean  neither more nor less.[1]
Section 948.01(2), broadly speaking, empowers trial judges to withhold adjudications of guilt and impose probation or community control in any case in which the court finds that the defendant is unlikely to engage in criminal conduct in the future, and where the ends of justice and the interests of society do not require imprisonment. Section 948.01 does not, in express terms, refer to or even mention minimum or mandatory minimum sentences, except for subsection (13) which deals only with violators of chapter 893 (controlled substances).[2] Unless there is something in the *1156 individual sentencing statutes to the contrary, section 948.01 is an open-ended invitation to the sentencing judges to impose an alternative to confinement in a prison.
There are a number of statutory provisions in the Florida Criminal Code providing for what appear to be imperative minimum periods of incarceration, and not all of them are identically phrased. Section 790.221(2), for example, says simply that its term of imprisonment is a "mandatory minimum" period. Section 775.087(2)(a) (concerning crimes committed with a firearm), on the other hand, provides for "minimum" terms of imprisonment for 3 and 8 years (depending on the nature of the violation), but omits the word "mandatory" and then says:
Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.275, prior to serving such minimum sentence. [e.s.]
One might have thought that the simple use of the term "minimum" without the additional modifier of "mandatory" expressed an intention that the sentencing judge was empowered to forego incarceration  i.e., that a period of imprisonment was not at all required. The sentence quoted above, however, would have been unnecessary if it had that meaning; and thus we could quite properly deduce that even a "minimum" period of imprisonment expresses mandatory incarceration. That is, it is mandatory unless the legislature meant something else.
Section 775.0823 (involving crimes of violence against police and law enforcement officers, prosecutors and judges) provides for a "mandatory minimum sentence without possibility of early release" [e.s.] and goes on to add the following sentence:
Notwithstanding the provisions of s. 948.01, with respect to any person who is found to have violated this section, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld.
Here, unlike the former statute, the legislature has added the words "without possibility of early release," but those words appear to have been directed to the prison authorities  not to the sentencing judge.
There are some time-honored principles of statutory construction that guide a court in divining legislative intent in statutes with provisions that become ambiguous when compared with other statutes on the same subject. When the legislature uses the same word or phrase on the same subject even in different chapters of the Florida Statutes, it is presumed to have intended the same meaning for those identical formulations. Goldstein v. Acme Concrete Corp., 103 So.2d 202 (Fla. 1958). The law makers are presumed to know the meaning of the words they employ in the statutes they write and to have expressed their intention in the precise words employed. Thayer v. State, 335 So.2d 815 (Fla. 1976). There is also a presumption that the legislature passes statutes with knowledge of other existing statutes. State v. Dunmann, 427 So.2d 166 (Fla. 1983). Hence the legislative use of different terms in different statutes on the same subject is strong evidence that different meanings were intended. Department of Professional Regulation, Board of Medical Examiners v. Durrani, 455 So.2d 515 (Fla. 1st DCA 1984).
The idea of compulsory imprisonment thus has varied expression in the statutes. We find "mandatory minimum" penalties; we find "minimum" penalties, by which the legislature appears to have also intended "mandatory minimum"; and we find those two formulations with the added text to the effect that, in spite of section 948.01, the sentencing judge cannot withhold adjudication or imposition of sentence. These different provisions are representative of the whole criminal code. To my mind, they suggest that there are three separate classifications *1157 of categorical sentencing imperatives:
1. a minimum sentence;
2. a mandatory minimum sentence; and
3. a compulsory ("and-this-time-wereally-mean-it") sentence which no judge can avoid by any device of withholding adjudication, or deferring sentence, or the like.
We have already seen above that there is no difference in meaning between a "minimum" sentence and a "mandatory minimum"; hence I can safely treat the first two categories as one. In the first two, the literal way to read the language employed is to conclude that section 948.01 provides no basis to avoid the "minimum" or the "mandatory minimum". For if "mandatory" truly means "absolutely required", and if "minimum" truly means "not less than", then incarceration is the only disposition that may be imposed, and the term of years expressed is the shortest duration to be set down in the sentencing order.
Another equally plausible reading, however, is that section 948.01 can be used by the trial judge to avoid the "minimum" or "mandatory minimum" imprisonment. This construction follows from the legislature's use of the additional text in, e.g., sections 775.0823 and 775.087(2)(a), specifying that notwithstanding section 948.01 the court may not withhold adjudication or imposition of sentence and confer probation or community control in place of the specified period of imprisonment.
We therefore face two equally plausible readings of legislative intent, one requiring imprisonment and the other allowing probation or community control instead. Under the provisions of section 775.021(1), judges are obliged to employ the one of two equally plausible constructions that favors the defendant. Lambert v. State, 545 So.2d 838 (Fla. 1989).
The legislature knows all of these provisions because it wrote them. When it intends to take back from judges the power to avoid mandatory minimum sentences, it knows how to say so, as evidenced by section 775.087(2)(a). It did not say so in section 790.221(2), and thus I conclude that Judge Moe had the power to do precisely what he did here.
Unfortunately, we as a court have just decided this issue under identical facts in State v. McKendry, 614 So.2d 1158 (Fla. 4th DCA 1993), in which we held that section 948.01 has been limited in its effect on section 790.221(2) by reason of the adoption of the sentencing guidelines. We cited rule 3.701(d)(9), which provides in part that "If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence [over the guidelines]." In McKendry, the guidelines provided for community control or 12 to 30 months incarceration. In this case, the guidelines provided for any nonstate prison sanction.
Frankly, I disagree with our decision in McKendry. Even if the mandatory minimum sentence of section 790.221(2) takes precedence over the guidelines, I do not see how that leads to the conclusion that a mandatory minimum sentence takes precedence over section 948.01. Where the legislature has forborne from adding a provision to statute with the mandatory minimum sentence that its provisions take precedence even over section 948.01, that suggests to me that section 948.01 controls.
In a case where the defendant's guidelines scoresheet exceeds the mandatory sentence, I have no quarrel with the guidelines controlling over probation. Where, as here, the guidelines expressly authorize probation, however, I am unable to discern the logic in the conclusion that the mandatory sentence is primary simply because the guidelines control over probation. That seems to me a conclusion in search of a premise.
As I have demonstrated in the earlier part of this opinion, whether the mandatory minimum sentence controls over section 948.01 all depends on the precise text of the mandatory minimum sentence provision. If it contains the disclaimer of section 948.01, then it can indeed take precedence over section 948.01. If it does not contain the disclaimer, then, as I have shown, the legislature must be deemed to *1158 have intended the construction that favors the defendant.
Because I am bound to follow the prior precedent of McKendry, however, I have concurred in the reversal. I do agree, however, with the certification of this important question of statutory construction to the supreme court for a resolution.
NOTES
[1] Lewis Carroll, Through the Looking-Glass, ch. 6 (1872).
[2] We now know that the mandatory minimum sentences of chapter 893 are not entirely unavoidable, on account of the grant of authority in section 397.12, Florida Statutes (1989), rather than section 948.01. Scates v. State, 603 So.2d 504 (Fla. 1992). There is no discussion about section 948.01 in the supreme court's opinion in Scates or, for that matter, in our own opinion. State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991), quashed, 603 So.2d 504 (Fla. 1992). Subsection (13) was added to section 948.01 after the commission of the crime in Scates and was therefore not applicable to the conviction in that case. As the present case does not concern a chapter 893 violation, these are mere curiosities.