614 So.2d 1158 (1993)
STATE of Florida, Appellant,
v.
John McKENDRY, Appellee.
No. 91-3308.
District Court of Appeal of Florida, Fourth District.
February 17, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
Ronald B. Smith of Waxler & Smith, Stuart, for appellee.
ANSTEAD, Judge.
In this appeal the state asserts error by the trial court in not imposing the five year minimum mandatory sentence for possession of a short-barreled shotgun as provided in section 790.221(2), Florida Statutes (1989). We agree and reverse.

FACTS
John McKendry was tried and convicted of possession of a short-barreled shotgun. The recommended guidelines sentence provided for community control or 12 to 30 months incarceration. However, section 790.221(2) prescribes a five year mandatory minimum term of imprisonment for possession of a short-barreled shotgun.
At sentencing, McKendry's counsel maintained that section 948.01, Florida Statutes (1989), concerning the trial court's discretion to suspend a sentence, authorized a sentence less than the mandatory minimum. The trial court, agreeing that McKendry's record and the facts of the case did not justify five years of imprisonment, and acting under section 948.01(3), sentenced McKendry to five years, but suspended the sentence with credit for time served, and ordered that McKendry be placed on community control for one year followed by three years probation.

*1159 LAW
Section 790.221(2), Florida Statutes (1989), as amended in 1989, prescribes the penalty upon conviction for possession of a short-barreled shotgun:
A person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Upon conviction thereof he shall be sentenced to a mandatory minimum term of imprisonment of 5 years.
Pre-amendment, the statute stated:
Any person convicted of violating this section is guilty of a felony and upon conviction thereof shall be punished by imprisonment ... not to exceed 5 years.
By its action in 1989, the legislature apparently concluded that the offense of carrying a short-barreled firearm was more serious than perceived pre-amendment, and directed that the previous maximum sentence now be the minimum sentence. It also made the sentence mandatory, thereby removing the sentencing court's discretion.
Rule 3.701(d)(9), Florida Rules of Criminal Procedure (1989), of the sentencing guidelines,[1] provides:

Mandatory Sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
(Emphasis supplied).
In contrast with these sentencing provisions, section 948.01(3), Florida Statutes (1989), states:
If it appears to the court ... that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place him upon probation.
Section 948.01(3), in some form or other, has been on the books since 1941.

SCATES
Initially, the state relies heavily on State v. Scates, 585 So.2d 385 (Fla. 4th DCA 1991), and State v. Lane, 582 So.2d 77 (Fla. 4th DCA 1991), which required imposition of a mandatory minimum sentence despite other statutory provisions granting trial judges discretion to withhold such a sentence. However, both opinions were quashed by the supreme court in Scates v. State, 603 So.2d 504 (Fla. 1992) and Lane v. State, 603 So.2d 510 (Fla. 1992). In both cases, the supreme court held that the trial court could depart from the minimum mandatory sentencing provisions of section 893.13(1), Florida Statutes (1989), pursuant to the discretionary provisions of section 397.12, Florida Statutes (1989). Section 397.12 states:
When any person ... has been charged with or convicted of a violation of any provision of chapter 893 or of a violation of any law committed under the influence of a controlled substance, the court ... may in its discretion require the person ... to participate in a drug treatment program... . If referred by the court, the referral may be in lieu of or in addition to final adjudication, imposition of any penalty or sentence, or any other similar action.
The supreme court held that there was no conflict between the sentencing provisions of section 893.13(1) and section 397.12 since the provisions of section 397.12 specifically and unambiguously referred to chapter 893 in authorizing alternative sentences.
In a somewhat similar case, State v. Ross, 447 So.2d 1380 (Fla. 4th DCA), rev. denied, 456 So.2d 1182 (Fla. 1984), this *1160 court held that the discretionary provisions of section 397.12 did not constitute an exception to the minimum mandatory sentence provided by section 775.087(2)(a), Florida Statutes (1981). Section 775.087(2)(a) provided that any person convicted of certain specified offenses while having a firearm in his possession shall be sentenced to a three year minimum term of incarceration and further:
Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence.
This court in Ross based its decision on the rule of statutory construction that the latest enacted statute controls. Ross, 447 So.2d at 1382. The basis for this rule is the idea that the more recent statute is usually the last and controlling statement of legislative intent, as the legislature is presumed to be aware of the earlier law. The court found the language of section 775.087(2)(a) to be unambiguous in providing for a minimum mandatory sentence for the particular offense. Of course, the Ross holding may be in some doubt given the supreme court's recent holding in Scates. The trial court in Ross apparently based its sentence on the fact that Ross was under the influence of drugs when he committed the criminal offense.

THIS CASE
McKendry relies primarily on a statutory comparison of section 790.221(2) to other penal statutes such as section 775.087(2)(a) which have mandatory minimum sentences and have explicit preclusive language barring any suspension of sentence. This preclusive language is lacking in section 790.221(2). In addition, section 775.087(2)(a) expressly refers to section 948.01 in barring any suspension of the mandatory sentence. There is no similar reference to section 948.01 in section 790.221(2). Of course, McKendry now also has the Scates decision on his side of the issue.
However, unlike the statutes involved in Scates, the statutes here lack any specific relationship: section 790.221(2) is concerned specifically with the possession of a short-barreled rifle, shotgun or machine gun, while section 948.01 is concerned generally with leniency for deserving defendants in all cases. Unlike section 397.12, which specifically refers to chapter 893, there is no reference in section 948.01 to specific offenses or circumstances meriting special treatment.
Section 948.01 was first enacted in 1941, well before the minimum mandatory provisions of section 790.221, and well before the sentencing guidelines were adopted as the general sentencing policy in Florida. The purpose of section 948.01 is to avoid giving a criminal record to those persons whose prospects appear good for rehabilitation. Holland v. Florida Real Estate Comm'n, 352 So.2d 914 (Fla. 2d DCA 1977). This section was enacted at a time when trial courts still had virtually unlimited discretion in sentencing, and most sentencing decisions were immune from appellate review or collateral attack.
There is clearly a tension, if not a conflict between section 948.01 and the sentencing guidelines, as well as the provisions for minimum mandatory sentences contained in various other statutes. The discretionary application of section 948.01, in all cases, without consideration of the guidelines, would negate the complex and comprehensive provisions of the sentencing guidelines and their underlying policy to standardize sentencing throughout the state. For instance, if section 948.01 is considered in isolation, it would immediately negate the statutory and rule requirements that written reasons be provided for any deviation from the guidelines. We conclude that the only way that section 948.01 can be reconciled with the sentencing guidelines is to limit its application to those situations where the guidelines themselves permit a suspended sentence.
In our view, the application of section 948.01 has now been limited by the adoption of the sentencing guidelines. The guidelines in turn, specifically provide in Rule 3.701(d)(9) for the enforcement of minimum *1161 mandatory sentences. Section 948.01 may now be invoked only when the sentencing guidelines provide for a range of sentencing that includes probation or where appropriate reasons exist to deviate from the guidelines. While we sympathize with the plight of a trial judge who believes the mandatory sentence to be too harsh under the circumstances of a particular case, we are constitutionally bound to apply the punishment philosophy adopted by the legislature regardless of our opinion as to whether it makes good sense. Because of the conflicting provisions of the statutes and the substantial effect thereof on a large number of persons across the state, we certify the following as a question of great public importance:
DO THE PROVISIONS OF SECTION 948.01, FLORIDA STATUTES (1989), AUTHORIZE THE IMPOSITION OF A SENTENCE OTHER THAN AS PROVIDED IN SECTION 790.221(2), FLORIDA STATUTES (1989)?
Accordingly, we reverse and remand for further proceedings consistent herewith.
LETTS and GUNTHER, JJ., concur.
NOTES
[1] The sentencing guidelines as adopted by the legislature are in Chapter 921, Florida Statutes (1989), and as adopted by the Florida Supreme Court in part XIV (Rules 3.700-3.800), Florida Rules of Criminal Procedure (1989).