755 So.2d 145 (2000)
STATE of Florida, Appellant,
v.
Johann S. WARREN, Appellee.
No. 1D99-1560.
District Court of Appeal of Florida, First District.
February 28, 2000.
Robert A. Butterworth, Attorney General, and Karla D. Ellis, Assistant Attorney General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
Johann S. Warren was charged by information with one count of felony battery pursuant to section 784.03(2), Florida Statutes (1997), based on prior convictions for battery and aggravated battery. Warren filed a motion to dismiss the charge on the basis that section 784.03(2), Florida Statutes (1997), requires convictions for two *146 prior misdemeanor batteries, and not a combination of misdemeanor battery and felony aggravated battery for purposes of charging felony battery. The trial court dismissed the information with leave for the state to refile the charge as a misdemeanor in county court. We affirm.
Section 784.03, Florida Statutes (1997), reads as follows:
784.03 Battery; felony battery.-
(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
(b) Except as provided in subsection (2), a person who commits battery commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) A person who has two prior convictions for battery who commits a third or subsequent battery commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. For purposes of this subsection, "conviction" means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.
Section 784.045, Florida Statutes (1997) reads as follows:
784.045 Aggravated Battery.-
(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
(b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.
(2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The State asserts that the trial court committed reversible error by failing to apply the plain language of section 784.03(2), Florida Statutes (1997), in finding that appellant's prior conviction for aggravated battery did not qualify as a prior conviction for battery for purposes of the statute. The State argues that since the word "battery" in the statute has no qualifying words, all batteries logically fall under the title of "battery." The State also contends that to construe the statute to mean that only prior convictions for misdemeanor battery can be used to convict a person for felony battery and not aggravated battery brings about an unreasonable or absurd result in violation of the principles of statutory construction. See, e.g., State v. Webb, 398 So.2d 820, 824 (Fla.1981).
Warren asserts that the trial court correctly dismissed the information charging felony battery on the basis that statutory terms are to be strictly construed and any ambiguity should be resolved in favor of the defendant. See, e.g., Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991). Warren argues that the interpretation of the statute given by the trial court would not create an absurd result because the legislature may have intended to punish repeat misdemeanor battery offenders more severely, since presumably, the defendants previously convicted of aggravated battery would have already been punished more severely for the previous offense.
The legislature is presumed to have intended the same meaning for identical words on the same subject. See, e.g., Goldstein v. Acme Concrete Corp., 103 So.2d 202, 204 (Fla.1958); State v. Robertson, 614 So.2d 1155, 1156 (Fla. 4th DCA 1993) (J. Farmer, concurring). Therefore, it is logical to presume that the legislature, by putting the felony battery provision in the same chapter in which it defines battery *147 and recognizes battery as a misdemeanor, intended for the term battery to have the same meaning throughout the chapter. It appears that the term battery is used in the statutes to mean misdemeanor battery, and the qualifier "aggravated" is used when that is what the legislature intends.
A similar issue was raised pursuant to section 812.014(2)(c), Florida Statutes (1985), which is the felony petit theft statute. See, Jackson v. State, 515 So.2d 394 (Fla. 1st DCA 1987), aff'd, State v. Jackson, 526 So.2d 58 (Fla.1988). Although the felony petit theft statute has subsequently been amended to include prior convictions for "any theft," the original statutory provision stated that a person could be charged with felony petit theft if he or she had two previous convictions for petit theft. See § 812.014(2)(c), Fla. Stat. (1985). Although the felony petit theft statute is distinguishable from the felony battery statute in that the felony petit theft statute specifically stated that the prior convictions must have been for petit theft, the Florida Supreme Court's previous opinion is relevant to the instant case:
A literal interpretation of this provision yields eminently reasonable results. By enacting section 812.014(2)(c), the legislature intended that repeat petit theft offenders would be treated more seriously than nonrepeat petit theft offenders. Grand theft offenders, on the other hand, have already been subjected to greater punishment based on the higher degree of their offenses.
Jackson, 526 So.2d at 59.
Because battery as defined in the plain language of the statute is classified as a misdemeanor offense and because the interpretation given to the statute by the trial court does not create an absurd or unreasonable result and is more favorable to the accused, we affirm the order of the trial court and hold that section 784.03, Florida Statutes (1997), requires that a defendant have two prior convictions for battery as defined in section 784.03 (1997), Florida Statutes, to be convicted of felony battery pursuant to that section. However, we certify the following question to the Florida Supreme Court:
CAN A CONVICTION FOR AGGRAVATED BATTERY SERVE AS A PRIOR CONVICTION FOR BATTERY FOR PURPOSES OF SECTION 784.03(2), FLORIDA STATUTES?
BENTON, J., and SHIVERS, DOUGLASS B., SENIOR JUDGE, CONCUR. KAHN, J., DISSENTS WITH WRITTEN OPINION.
KAHN, J., dissenting.
Appellant Warren is a "person who has two prior convictions for battery...." § 784.03(2), Fla. Stat. (1997). Warren is therefore among that class of persons subject to an enhanced offense upon conviction for a third or subsequent battery. The statute is unambiguous and thus does not require construction. Both the majority and the trial court have rewritten the statute by inserting the word "simple" before the word "battery" in the statute now before this court.
The majority is obviously influenced by the opinion in State v. Jackson, 526 So.2d 58 (Fla.1988), aff'g 515 So.2d 394 (Fla. 1st DCA 1987). As the majority notes, that case interpreted section 812.014(2)(c), Florida Statutes (1985). That statute, however, was very different. By its specific terms, that statute required prior convictions for petit theft. The defendant in that case had only one prior conviction for petit theft. See Jackson, 526 So.2d at 59 ("the language of the instant statute is unequivocabletwo petit thefts are required as prior offenses....") In Jackson, the supreme court merely applied the plain statutory language before it.
Here, the statute only requires two prior convictions for battery. A conviction for aggravated battery is a conviction for battery. The contrary view is overly legalistic and yields a result opposite to what the Legislature both intended and expressed. *148 For these reasons, I would reverse the order on review.