796 So.2d 489 (2001)
STATE of Florida, Petitioner,
v.
Johann S. WARREN, Respondent.
No. SC00-695.
Supreme Court of Florida.
July 5, 2001.
Rehearing Denied September 25, 2001.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Karla D. Ellis, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Respondent.
QUINCE, J.
We have for review a decision of the First District Court of Appeal on the following question certified to be of great public importance:
CAN A CONVICTION FOR AGGRAVATED BATTERY SERVE AS A PRIOR CONVICTION FOR BATTERY FOR PURPOSES OF SECTION 784.03(2), FLORIDA STATUTES?
See State v. Warren, 755 So.2d 145, 147 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons that follow, we answer the certified question in the affirmative.

STATEMENT OF CASE AND FACTS
Johann Warren (Warren) was charged by information with one count of felony battery pursuant to section 784.03(2), Florida Statutes (1997). Section 784.03 provides:
784.03 Battery; felony battery.
(1)(a) The offense of battery occurs when a person:
1. Actually and intentionally touches or strikes another person against the will of the other; or
2. Intentionally causes bodily harm to another person.
(b) Except as provided in subsection (2), a person who commits battery commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) A person who has two prior convictions for battery who commits a third or subsequent battery commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. For purposes of this subsection, "conviction" means a determination of guilt that is the result of a plea or a *490 trial, regardless of whether adjudication is withheld.
Warren had a prior conviction for battery and a prior conviction for aggravated battery when this information for felony battery was filed. He filed a motion to dismiss the felony battery charge. The circuit court dismissed the information, giving the State Attorney leave to refile the charge as a misdemeanor in county court. The State Attorney appealed the circuit court's dismissal to the First District Court of Appeal. The First District affirmed and certified this question as one of great public importance:

CAN A CONVICTION FOR AGGRAVATED BATTERY SERVE AS A PRIOR CONVICTION FOR BATTERY FOR PURPOSES OF SECTION 784.03(2), FLORIDA STATUTES?
See State v. Warren, 755 So.2d at 147.
The district court noted the Legislature's placement of the definitions of battery and felony battery in the same section of chapter 784, Florida Statutes, (section 784.03), but further noted that the definition of aggravated battery is placed in a separate section, 784.045, Florida Statutes (1997). Therefore, that court reasoned, the Legislature intended the term battery, as used throughout the statute, to denote only misdemeanor battery and that misdemeanor battery is the only battery that could be used for reclassification under section 784.03(2). Thus, the First District affirmed, "[b]ecause battery as defined in the plain language of the statute is classified as a misdemeanor offense and because the interpretation given to the statute by the trial court does not create an absurd or unreasonable result and is more favorable to the accused." Warren, 755 So.2d at 147. The court also certified the question that we now consider.

DISCUSSION
The State contends the district court erred in affirming the circuit court's interpretation of the felony battery statute, section 784.03(2). This subsection makes a third or subsequent commission of a battery a third-degree felony. According to the State, the language of the statute is clear and the term "battery," lacking modifiers, refers to any battery, including the aggravated battery for which Warren was previously convicted. We agree.
As the State points out, we have previously stated, "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). We believe the term "battery" as used in this statute is not ambiguous and requires no further statutory interpretation. The word battery refers to the touching or striking of another person. The term aggravated battery refers to the touching or striking (battery) of another which causes great bodily injury or where a deadly weapon is used. An aggravated battery is a battery.
We agree with Judge Kahn's dissent below, in which he noted that by inserting the term "simple" before battery, the trial court and the district court rewrote section 784.03(2). See Warren, 755 So.2d at 147 (Kahn, J., dissenting). The term battery does not require the modification given it by the lower courts. Furthermore, the district court's reliance on State v. Jackson, 526 So.2d 58 (Fla.1988), is misplaced. As the majority acknowledged, the language of the statutory provision enhancing petit theft to a felony required the prior convictions to be for petit theft, not just *491 theft. Such language is not contained in the felony battery statute. We find the term battery, as used in the felony battery statute, is not limited to simple battery but includes batteries of any kind whether simple or aggravated.
In this case, the defendant was previously convicted of both a battery and an aggravated battery. Exclusion of Warren's prior conviction for aggravated battery from the "two prior convictions for battery" requirement in section 784.03(2) would allow him to receive the same punishment, after having committed both a simple battery and a battery where he either seriously injured someone or used a deadly weapon, as a person who had only committed a simple battery. We do not believe the Legislature intended such a result. Our case law warns against interpretations which lead to such results. See Amente v. Newman, 653 So.2d 1030 (Fla. 1995) (relying on City of St. Petersburg v. Siebold, 48 So.2d 291, 294 (Fla.1950)).
We find that the language complained of is not ambiguous. Warren's aggravated battery conviction does qualify as a prior conviction for battery and makes him eligible to be properly charged with felony battery pursuant to section 784.03(2). Therefore, we quash the First District's ruling to the contrary, answer the certified question in the affirmative, and remand this case for further proceedings in the trial court.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.