ALTENBERND, Judge.
 

 Steven Aldacosta appeals his judgment and sentence for felony battery. The narrow issue on appeal is whether a prior conviction for lewd or lascivious battery can be used as a qualifying offense to transform misdemeanor battery into felony battery.
 
 See
 
 § 784.03(2), Fla. Stat. (2007). Lewd or lascivious battery is not among the qualifying convictions expressly enumerated in the felony battery statute. Given our obligation to construe criminal statutes strictly, we conclude that lewd or lascivious battery is not currently a qualifying conviction for felony battery. If the legislature intends it to be such an offense, it will need to amend the statute. Accordingly, we conclude that the trial court erred in convicting Mr. Aldacosta of felony battery. We reverse and remand for entry of a conviction for misdemeanor battery and for the imposition of a lawful sentence for that misdemeanor.
 

 .Mr. Aldacosta was charged with attempted sexual battery, false imprisonment, and felony battery for events occurring on April 9, 2008. A jury acquitted him of the first two offenses, but convicted him of simple battery. Mr. Aldacosta agreed to allow the trial judge to determine whether he qualified for a conviction of felony battery.
 

 The only evidence before the court at the bench trial was a certified copy of Mr. Aldacosta’s conviction in 2002 for lewd or lascivious battery, contrary to section 800.04(4), Florida Statutes (2001). Mr. Al-dacosta argued that lewd or lascivious battery was not a valid predicate conviction for felony battery because it is not among the statute’s enumerated predicate convic
 
 *1098
 
 tions and is not of a similar nature. The trial judge, relying on
 
 State v. Warren,
 
 796 So.2d 489 (Fla.2001), rejected the defense’s argument. The trial court ruled that Mr. Aldacosta’s prior conviction for lewd or lascivious battery was a prior battery conviction for purposes of the statute and thus entered a judgment of conviction for felony battery rather than misdemeanor battery and imposed a sentence of five years’ imprisonment.
 

 Both in the trial court and in this court, the State has argued that lewd or lascivious battery is a qualifying offense as a matter of law and, in the alternative, that the actual factual circumstances of Mr. Aldacosta’s prior offense permit it to be used as a qualifying offense. We agree with Mr. Aldacosta that lewd or lascivious battery is not a qualifying offense as a matter of law and that, for purposes of this statute, it is inappropriate to examine the factual basis for a prior conviction as compared with the statutory elements of that conviction.
 

 Section 784.03(2) provides that “[a] person who has one prior
 
 conviction
 
 for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree....” (Emphasis added.) The statute lacks any reference to the offense of lewd or lascivious battery, which the Legislature created in 1999.
 
 See
 
 ch. 99-201, § 3, at 1184-85, Laws of Fla. Thus, if lewd or lascivious battery is to be treated as a qualifying offense, it must obtain this status under the general references in section 784.03(2) to “battery” or “felony battery.”
 

 We interpret the references to “battery” and “felony battery” in section 784.03(2) by looking to their statutory definitions.
 
 See Nicholson v. State,
 
 600 So.2d 1101, 1103 (Fla.1992) (“When a definition of a word or phrase is provided in a statute, that meaning must be ascribed to the word or phrase whenever it is repeated in the statute unless a contrary intent clearly appears.”). Section 784.03(1) defines “battery” as “[ajctually and intentionally touching] or striking] another person against the will of the other; or ... [ijntentionally causfing] bodily harm to another person.” Section 784.041(1) defines “felony battery” as “[ajctually and intentionally touching] or strik[ingj another person against the will of the other; and ... [cjausfing] great bodily harm, permanent disability, or permanent disfigurement.”
 

 Under section 800.04(4), a person commits the offense of “lewd or lascivious battery” if he or she:
 

 (a) Engages in sexual activity with a person 12 years of age or older but less than 16 years of age; or
 

 (b) Encourages, forces, or entices any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity commits lewd or lascivious battery....
 

 Although section 800.04(4)(a) involves the touching of another, the statute does not require that the sexual activity be “against the will of the other” or cause “bodily harm to another person.” A person who commits lewd and lascivious battery under section 800.04(4)(b) by encouraging a person less than sixteen years of age to engage in prostitution does not have to personally “touch or strike another person.”
 

 We are, of course, obligated to construe criminal statutes strictly and in favor of the accused.
 
 See §
 
 775.021(1), Fla. Stat. (2007). Mr. Aldacosta’s prior conviction for lewd or lascivious battery does not meet the statutory definition of either battery or felony battery. Because Mr. Alda-costa does not have “one prior conviction for battery, aggravated battery, or felony
 
 *1099
 
 battery,” as provided under section 784.03(2), we conclude that he could not be convicted of the offense of felony battery defined under section 784.03(2).
 

 We realize that, in
 
 Warren,
 
 the supreme court held the term “battery” in a prior version of section 784.03(2) to include more than the offense of misdemeanor battery. 796 So.2d at 490. The court reasoned that, in finding the term battery in the prior version of section 784.03(2) did not include any battery, the trial court had effectively rewritten the statute. According to the court in
 
 Warren,
 
 “[t]he word battery refers to the touching or striking of another person.”
 
 Id.
 
 at 490.
 

 The Legislature responded to
 
 Warren
 
 by adding the terms “aggravated battery’ and “felony battery” to section 784.03(2).
 
 See
 
 ch. 2001-50, § 4, at 320, Laws of Fla. The Legislature did not include lewd or lascivious battery in the list of qualifying prior offenses. “Battery” is specifically defined by statute, and section 784.03(2) does not refer to a prior conviction for “any battery.” Additionally, unlike the offense of aggravated battery at issue in
 
 Warren,
 
 lewd or lascivious battery can be committed without touching or striking another person against his or her will.
 
 See
 
 § 800.04(l)(b), (4)(a)-(b). Given the elements of the offense of lewd or lascivious battery, we conclude that
 
 Warren
 
 is not controlling and is distinguishable.
 

 The State contends that the factual circumstances of Mr. Aldacosta’s prior offense permit it to be used as a qualifying offense for felony battery. We disagree. Battery is not a necessarily lesser-included offense of lewd or lascivious battery. The misdemeanor form of battery is a permissive lesser-included offense of lewd or lascivious battery.
 
 See Khianthalat v. State,
 
 935 So.2d 583 (Fla. 2d DCA 2006). In either case, section 784.03(2) requires a “prior conviction,” not that a person have a
 

 prior conviction the facts of which would constitute battery. There are many practical reasons why the legislature would define an offense in a way that avoids resurrecting the historical facts of a prior criminal proceeding.
 
 See Perkins v. State,
 
 576 So.2d 1310, 1313 (Fla.1991) (stating that the “statutory elements of the crime itself must include or encompass conduct of the type described” in order to constitute a forcible felony);
 
 cf. Dautel v. State,
 
 658 So.2d 88, 91 (Fla.1995) (“[O]nly the elements of the out-of-state crime, and not the underlying facts, should be considered in determining whether the conviction is analogous to a Florida statute for the purpose of calculating points for a sentencing guidelines scoresheet.”).
 

 Because Mr. Aldacosta had no pri- or qualifying conviction for purposes of the felony battery statute, we reverse his conviction. However, a jury found Mr. Alda-costa guilty of the statutory elements of simple battery, which is a necessary lesser-included offense of felony battery. We therefore remand the case to the trial court to enter a conviction for simple battery and an appropriate sentence.
 
 See
 
 § 924.34, Fla. Stat. (2007);
 
 State v. Sigler,
 
 967 So.2d 835, 844 (Fla.2007) (“[W]hen all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense.”).
 

 Reversed in part, affirmed in part, and remanded.
 

 CASANUEVA, C.J., and WHATLEY, J., Concur.