IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHARLES OSBORN,

     Appellant,

v.

CASE NO. 1D14-2947

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed November 3, 2015.

An appeal from the Circuit Court for Leon County.
James C. Hankinson, Judge.

Nancy A. Daniels, Public Defender, and Courtenay H. Miller, Steven L. Seliger, and L. Allen Beard, Assistant Public Defenders, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     In this case, we address whether a prior conviction for the offense of sexual battery, in this case one committed in Mississippi, is a proper predicate to prove felony battery under section 784.03(2), Florida Statutes (2001). The State charged Appellant Charles Osborn with a sexual battery and felony battery occurring in

Florida. The trial court severed the sexual battery count and the jury found Mr. Osborn not guilty. Regarding the felony battery count, the amended information alleged that Mr. Osborn:

> On or about March 10, 2013, did unlawfully actually and intentionally touch or strike another person, C.M., against the will of the other; or did intentionally cause bodily harm to that person, and the defendant has a prior conviction for a battery including Mississippi case # 2008-78-MP-2 (Sexual Battery),[1] contrary to Section 784.03(2), Florida Statutes.

Defense counsel filed a motion to dismiss the felony battery count pursuant to Florida Rules of Criminal Procedure 3.190(b) on the basis that the prior sexual battery in Mississippi was not a proper predicate conviction under section

---

[1] Mississippi defines sexual battery in substantially the same way as Florida:

> (1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
> (a) Another person without his or her consent;
> (b) A mentally defective, mentally incapacitated or physically helpless person;
> (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
> (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
> (2) A person is guilty of sexual battery if he or she engages in sexual penetration with a child under the age of eighteen (18) years if the person is in a position of trust or authority over the child including without limitation the child's teacher, counselor, physician, psychiatrist, psychologist, minister, priest, physical therapist, chiropractor, legal guardian, parent, stepparent, aunt, uncle, scout leader or coach.

§ 97-3-95, Miss. Code (2015) (effective without amendment since 1998).

784.03(2) which includes only battery, aggravated battery, and felony battery. Counsel argued that the statute, a penal one, should be strictly construed. The trial court denied the motion and the jury found Mr. Osborn guilty of battery. In a bifurcated proceeding, the jury found that the Mississippi sexual battery was a battery conviction for purposes of section 784.03(2). Consequently, Mr. Osborn was adjudicated guilty of felony battery. He now appeals the denial of the motion to dismiss.

Section 784.03(2) provides that a misdemeanor battery is reclassified as a felony battery if the offender "has one prior conviction for battery, aggravated battery, or felony battery." § 784.03(2), Fla. Stat. The statute does not expressly reference sexual battery as a qualifying offense, so the question is whether it can be considered a battery for purposes of reclassification. The decision in Aldacosta v. State, 41 So. 3d 1096 (Fla. 2d DCA 2010), which addressed whether a lewd and lascivious battery is a qualifying offense, is instructive. Because section 784.03(2) did not explicitly include lewd and lascivious battery, the Second District reasoned that "if lewd or lascivious battery is to be treated as a qualifying offense, it must obtain this status under the general references in section 784.03(2) to 'battery' or 'felony battery.'" Id. at 1098. It compared the elements of a lewd and lascivious battery to the elements of a battery and a felony battery, and held that Aldacosta's "prior conviction for lewd or lascivious battery does not meet the statutory

3

definition of either battery or felony battery." Id. The court, referencing the supreme court's seminal decision in State v. Warren, 796 So. 2d 489 (Fla. 2001), stated:

> The Legislature responded to Warren[2] by adding the terms "aggravated battery" and "felony battery" to section 784.03(2). See ch. 2001-50, § 4, at 320, Laws of Fla. The Legislature did not include lewd or lascivious battery in the list of qualifying prior offenses. "Battery" is specifically defined by statute, and section 784.03(2) does not refer to a prior conviction for "any battery." Additionally, unlike the offense of aggravated battery at issue in Warren, lewd or lascivious battery can be committed without touching or striking another person against his or her will. See § 800.04(1)(b), (4)(a)-(b). Given the elements of the offense of lewd or lascivious battery, we conclude that Warren is not controlling and is distinguishable.

Aldacosta, 41 So. 3d at 1099. As such, the court concluded that "[b]attery is not a necessarily lesser-included offense of lewd or lascivious battery." Id.

In contrast to Aldacosta, the State points out that a battery is a lesser-included offense to sexual battery, meaning that a person necessarily commits a battery if he commits a sexual battery. A "battery" occurs when a person "actually and intentionally touches or strikes another person against the will of the other; or intentionally causes bodily harm to another person." § 784.03(1)-(2), Fla. Stat. A "sexual battery" is the "oral, anal, or vaginal penetration by, or union with, the

---

[2] The State avers that "Section 784.03(2) was amended in May, 2001, after Warren I was decided, but before the Supreme Court's opinion in Warren II was issued in July, 2001." Warren II is not the ultimate authority, however, because the effective date of the statutory amendment was July 1, 2002—after Warren II issued.

4

sexual organ of another or the anal or vaginal penetration of another by any other object" without consent. § 794.011(1)(h), (5)(a)-(c), Fla. Stat. (2002). Furthermore, a lewd and lascivious battery is a *permissive* lesser-included offense to sexual battery, while simple battery is a *necessary* lesser-included offense. Compare Williams v. State, 957 So. 2d 595 (Fla. 2007) (lewd and lascivious battery is a permissive lesser-included offense to sexual battery), with Khianthalat v. State, 974 So. 2d 359, 362 (Fla. 2008) (concluding "because lack of consent is an element of sexual battery under subsection (2)(a), the offense always includes a charge of simple battery as a necessarily lesser-included offense, just as it does under subsections (3), (4) and (5). Fla. Std. Jury Instr. (Crim.) Schedule of Lesser Included Offenses, § 794.011."). Because the Mississippi sexual battery at issue necessarily meets the statutory definition of a battery under Florida law, it is a qualifying offense.

AFFIRMED.

RAY, SWANSON, and MAKAR, JJ., CONCUR.