826 So.2d 340 (2002)
Damien HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-69.
District Court of Appeal of Florida, Second District.
April 26, 2002.
*341 BLUE, Chief Judge.
Damien Harris filed a Florida Rule of Criminal Procedure 3.850 motion which was summarily denied by the trial court. We affirm in part, reverse in part, and remand this case to the trial court for further consideration.
Harris's first claim was that his trial counsel was ineffective for failing to object to hearsay testimony at a suppression hearing. The trial court denied the motion on the grounds that although hearsay testimony occurred in the suppression hearing, the admission of it could not have affected the outcome of the trial. We disagree with the reason for the ruling. However, because hearsay testimony is admissible in a suppression hearing, the denial of this claim is affirmed. See Lara v. State, 464 So.2d 1173 (Fla.1985).
Harris's second issue was that he was questioned and confessed without having had the benefit of being advised of his Miranda[1] rights, and his counsel was ineffective for failing to seek suppression of his confession. The trial court stated that this issue was raised and argued in the suppression hearing and should have been raised on appeal. Harris claimed in his motion that this issue was raised on appeal but was not addressed on its merits because of counsel's failure to preserve the error. This is a facially sufficient claim that is not conclusively refuted by the attachments to the trial court's order. The order of the trial court is reversed as to this issue and remanded for reconsideration.
Harris filed a supplement to his rule 3.850 motion prior to the trial court's ruling on the original motion and within the two-year time limit set out in the rule. The trial court did not address this supplement in its order. The failure to rule on the merits of the supplement is error in light of Gaskin v. State, 737 So.2d 509 (Fla.1999). In Gaskin, the supreme court stated that when an amendment to a rule 3.850 motion is filed within the two-year *342 time limit, the trial court should rule on the merits of the claims presented in the amendment. Id. at 517.[2]
In the supplement to the motion Harris claimed that his trial counsel was ineffective for failing to object to the admission at trial of his confession and evidence obtained as a result of the police interrogation, thereby not preserving the issue for appeal. Harris stated in the supplement that the issue was raised on appeal but was not addressed on its merits because of counsel's failure to preserve the error. This is a facially sufficient claim, and the trial court is directed to consider the claim on its merits. As with all facially sufficient claims presented in rule 3.850 motions, if the trial court determines that the claim is conclusively refuted by the record, it must attach to its order denying relief those portions of the record that support its conclusion. Otherwise, the trial court must conduct an evidentiary hearing to determine the merits of the claim.
Harris also filed a motion for rehearing in which he argued that the trial court erred in not considering his supplement. The trial court denied the motion for rehearing with no explanation.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and COVINGTON, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] It would appear that this case may implicitly overrule, at least in part, McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998) (en banc).