827 So.2d 1021 (2002)
Larry R. BEARD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D02-1649, 2D02-2277.
District Court of Appeal of Florida, Second District.
August 7, 2002.
Rehearing Denied October 14, 2002.
BLUE, Chief Judge.
In case 2D02-1649, Larry R. Beard appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part. In case 2D02-2277, he also appeals the dismissal of a second rule 3.850 motion as successive. We dismiss this appeal as moot.
Beard claimed four grounds for postconviction relief. Then he moved to amend his rule 3.850 motion within the two-year time limit and prior to the trial court's ruling on the original motion. The trial court properly denied relief on the original four grounds, and we affirm that denial without comment. But the trial court ruled on these original grounds without ever ruling on Beard's motion to amend. When Beard raised this issue in his motion for rehearing, the trial court denied the motion for rehearing without explanation.
New issues may be added to a rule 3.850 motion if the trial court has not yet ruled on the motion and the amendment is filed within the two-year time limit. Gaskin v. State, 737 So.2d 509 (Fla.1999); Harris v. State, 27 Fla. L. Weekly D954, 2002 WL 727162 (Fla. 2d DCA Apr.26, 2002). Since Beard's motion met these requirements, the trial court should have allowed the amendment. Therefore, we reverse in part. On remand, Beard must be allowed to amend his original rule 3.850 motion, and the trial court must rule on these amendments without denying them as successive.
The dismissal of Beard's second rule 3.850 motion as successive is now moot since Beard may raise any of these issues when he amends the original rule 3.850 motion.
*1022 Case 2D02-1649 is affirmed in part, reversed in part, and remanded; case 2D02-2277 is dismissed as moot.
FULMER and DAVIS, JJ., concur.