854 So.2d 805 (2003)
Carlos E. RAMIREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5577.
District Court of Appeal of Florida, Second District.
September 5, 2003.
*806 James Marion Moorman, Public Defender, and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellant.
Carlos E. Ramirez a/k/a Carlos Rivas a/k/a Carlos Rivera, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
The public defender brings this Anders[1] appeal on behalf of Carlos E. Ramirez a/k/a Carlos Rivas a/k/a Carlos Rivera on the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In a pro se brief, Ramirez additionally argued that the trial court erred when it refused to consider his pro se amended motion for postconviction relief filed by counsel in open court at the beginning of the evidentiary hearing on his original motion for postconviction relief. We affirm the denial of the original motion for postconviction relief without further comment but remand for the trial court to consider Ramirez's amended motion for postconviction relief.
Ramirez's original motion raised a total of three grounds of error. In an order rendered on August 9, 2001, the trial court denied two of the three grounds and ordered the State to file a response to the final ground of error. A hearing to entertain the final ground of error was conducted on December 14, 2001. At the hearing, Ramirez's court-appointed counsel tendered the amended motion for postconviction relief in which Ramirez added the claim that he had not been "specifically advised of the consequences of potential deportation [if he entered into a] plea." The trial court considered the amended motion to be successive because there had already been a preliminary ruling on Ramirez's motion. The court refused to consider the motion.
In Gaskin v. State, 737 So.2d 509, 517-18 (Fla.1999), the supreme court stated that when an amendment to a rule 3.850 motion was filed before the termination of the statutory time limit and before the trial court had ruled on the original motion, it was error for the trial court not to consider the merits of the new allegations. See Beard v. State, 827 So.2d 1021, 1021 (Fla. 2d DCA 2002); Lang v. State, 826 So.2d 433, 435 (Fla. 2d DCA 2002). The present case is governed by Gaskins because, although an order had been entered denying Ramirez's motion in part, the trial court had not made a final determination about the merits of the remaining claim upon which the evidentiary hearing was to be conducted and it had not entered a final *807 order disposing of the motion. See Lang, 826 So.2d at 435. Additionally, the supplemental motion was filed within the two-year statutory time limit. Accordingly, the trial court's decision not to consider the amended motion was erroneous. We remand with directions for the trial court to consider the merits of the new claim contained in Ramirez's amended motion for postconviction relief.
Reversed and remanded.
COVINGTON and KELLY, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991).