MONACO, J.
Adam Diresta petitions for a writ of habeas corpus seeking a belated appeal with respect to two orders of the trial court disposing of his post-conviction motions. We conclude that he is entitled to a belated appeal on one, but not the other.
Mr. Diresta was convicted after jury trial of three violent crimes and received a lengthy prison sentence as a consequence. His direct appeal resulted in a per curiam affirmance, and a mandate was issued with respect to it on August 25, 2000.[1] His subsequent Rule 3.850 Motion for Post-Conviction Relief was denied by the trial court on June 25, 2001, apparently because “it lacked oath of verification.” Mr. Dires-ta asserts, however, that he did not receive a copy of the trial court’s order denying his Rule 3.850 motion, and he initially petitions for permission to pursue a belated appeal to review this order.
After waiting well in excess of two years after issuance of our mandate in the plenary appeal, Mr. Diresta in 2003, filed a “Motion for Leave To Amend the Original Motion for Postconviction Relief,” on the asserted basis that he believed his original 3.850 motion was still pending. He attempted in this motion to add “one substantive issue.” The trial court denied his motion to amend because of its late filing. Mr. Diresta posits that he re-executed his motions only to comply with the oath requirement, and now seeks a belated appeal from the orders denying each motion.
With respect to the initial motion for post-conviction relief, the State with admirable candor has pointed out that the prison mail supervisor confirmed that Mr. Diresta, in fact, received no legal mail in June, July or August 2001, thus supporting his claim that he did not receive the contested order. In Simpkins v. State, 807 So.2d 826 (Fla. 5th DCA 2002), we held that a criminal defendant is entitled to a belated appeal when the State’s investigation of prison mail logs confirms that the defendant received no legal mail during the relevant 2 months. Accordingly, Mr. Diresta is entitled to a belated appeal of the denial of his initial 2001 Rule 3.850 motion, and his petition in this regard is granted.
Mr. Diresta’s attempt to bootstrap an additional ground for belated appeal based on his “Motion for Leave To Amend the Original Motion for Postconviction Relief’ is, on the other hand, not well-founded. Mr. Diresta failed to file a timely notice of appeal from the order denying his motion to amend. In addition, his motion to amend is untimely since the judgment and sentence became final with the issuance of our mandate more than two years prior to the filing of the motion. His motion was thus time barred by virtue of Rule 3.850(b), Florida Rules of Criminal Procedure.
This is not a situation in which a defendant files a timely 3.850 motion and then files a timely motion to amend his original motion. See Gaskin v. State, 737 So.2d 509 (Fla.1999) (if the original 3.850 motion was timely and an amendment is filed before the trial court ruled on original mo *1054 tion, and the amendment is filed within the time limit, a court errs in failing to rule on the amendment and denying it as successive); Ramirez v. State, 854 So.2d 805 (Fla. 2d DCA 2003) (trial court should consider the merits of defendant’s pro se amended motion for postconviction relief, where the trial court had not yet made a final determination on the merits of the remaining claim, and the supplemental motion was filed within the statutory time limit). Here, the amendment was filed more than two years from the issuance of the mandate, and falls outside the requirements of the rule. Thus, Mr. Diresta’s petition regarding any issues raised in the amendment is denied.
GRANTED, in part, DENIED in part.
SHARP, W„ and GRIFFIN, JJ., concur.

. Diresta v. State, 766 So.2d 1059 (Fla. 5th DCA 2000).