873 So.2d 545 (2004)
Billy Ray McABEE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-69.
District Court of Appeal of Florida, Second District.
May 21, 2004.
Billy Ray McAbee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
Billy Ray McAbee appeals the denial of his postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. McAbee filed his original postconviction motion on March 31, 2000, raising eight claims of ineffective assistance of counsel. The trial court issued an order denying three of McAbee's claims and ordering the State to respond to the remaining five.
Before the State responded to the court's order, McAbee filed a pro se motion to amend in order to add two new claims of ineffective assistance of counsel. Neither the State's response nor the trial court order granting an evidentiary hearing addressed McAbee's two new claims. Following the May 2, 2002, evidentiary hearing, the trial court entered its order denying the postconviction relief on the original claims. Apparently, the trial court never ruled on McAbee's motion to amend.
In a pro se brief, McAbee argues on appeal that the trial court erred in failing to consider the two issues in his amended motion. McAbee filed his motion to amend before the final order on his original motion issued and before the statutory time limit of two years from the June 7, 1999, appellate mandate expired. See McAbee v. State, 736 So.2d 1190 (Fla. 2d DCA 1999) (table decision). Consequently, the trial court erred in failing to consider *546 the two additional issues. See Gaskin v. State, 737 So.2d 509, 517-18 (Fla.1999); Ramirez v. State, 854 So.2d 805, 806-07 (Fla. 2d DCA 2003) (holding trial court erred in not considering merits of new allegations in rule 3.850 amendment, even though order denying original motion in part had been entered, where court had not entered final order disposing of original motion); Beard v. State, 827 So.2d 1021, 1021 (Fla. 2d DCA 2002); Lang v. State, 826 So.2d 433, 435 (Fla. 2d DCA 2002); Harris v. State, 826 So.2d 340, 341 (Fla. 2d DCA 2002) (holding failure to rule on merits of supplement was error). Accordingly, we affirm without further discussion the denial of the original motion for postconviction relief but remand for the trial court to consider the two additional issues McAbee raised in his amendment.
Affirmed in part, reversed in part, and remanded.
STRINGER and VILLANTI, JJ., concur.