SILBERMAN, Judge.
Nick Molfetto challenges the postconviction court’s orders denying his original motion for postconviction relief. He also contends that the postconviction court erred by failing to consider the merits of his amended motions for postconviction relief. We affirm the denial of relief as to the original motion, but we reverse and remand for the postconviction court to consider the amended motions.
In 2001, the trial court entered its judgment and sentence against Molfetto following his conviction for several crimes. This court affirmed Molfetto’s direct appeal, and our mandate issued in May 2003. In October 2003, Molfetto filed his original motion for postconviction relief, raising twenty-three claims. In December 2004, he filed an amended motion, raising claim number twenty-four. In April 2005, he filed a second amended motion, raising claim number twenty-five. Molfetto’s motion and amended motions were timely filed within the two-year period provided for in Florida Rule of Criminal Procedure 3.850(b).
The postconviction court entered orders denying several claims raised in Molfetto’s original motion. In July 2005, the court entered an order granting an evidentiary hearing on other claims.
In September 2005, the court held the evidentiary hearing. At the start of the hearing, Molfetto’s counsel pointed out that the two additional claims raised in the amended motions remained pending. Counsel for the State indicated that the order granting the evidentiary hearing only addressed the claims contained in the original motion. The postconviction court declined to consider the amended claims, stating that it would proceed on the grounds from the original motion for which it had granted the evidentiary hearing. Following the hearing, the court entered *1155 its order denying relief as to the original motion. The court did not address claims twenty-four and twenty-five from the amended motions, and it appears the post-conviction court has never considered those claims.
We find no fault with the postcon-viction court’s decision not to consider the amended motions at the evidentiary hearing when they had not been set for hearing on that date. However, because the amended motions were timely filed and were pending when the postconviction court resolved the original motion, we reverse and remand for the postconviction court to consider the amended motions. See McAbee v. State, 873 So.2d 545 (Fla. 2d DCA 2004); Ramirez v. State, 854 So.2d 805 (Fla. 2d DCA 2003).
Regarding the original postconviction motion, we affirm the denial of relief under grounds one through twenty-one and ground twenty-three without comment. As to ground twenty-two, Molfetto claimed, among other things, that his trial counsel was ineffective for failing to seek dismissal of the felony petit theft charge because the record does not reflect that he has the requisite two prior grand theft convictions to support the enhancement of misdemeanor petit theft to felony petit theft pursuant to section 812.014(3)(c), Florida Statutes (1997). He also argued that even if he has prior grand theft convictions, they are insufficient to support the enhancement to felony petit theft because two prior petit theft convictions are required for enhancement. We disagree on both points.
First, the record reflects that Mol-fetto has two prior convictions for grand theft, one in case number 95-02779 and the other in case number 97-01521. Second, as to Molfetto’s argument that the two predicate convictions must be for petit theft rather than grand theft, he did not raise this issue in his motion for postcon-viction relief or at the evidentiary hearing. Thus, the argument is not preserved for review. Even if the argument were properly before us, it is without merit. Section 812.014(3)(c) provides that “[a] person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree.” (Emphasis added.) Section 812.014(3)(c) does not require two prior petit theft convictions. Molfetto’s reliance on State v. Jackson, 526 So.2d 58 (Fla. 1988), and its progeny is misplaced. Although Jackson held that two predicate petit theft convictions were required, the court was construing the 1985 version of section 812.014(2)(c) which specifically required two prior petit theft convictions as opposed to any theft convictions.
Accordingly, we affirm the denial of Molfetto’s original motion for postconviction relief, but we reverse and remand for the postconviction court to consider the two claims raised in Molfetto’s amended motions.
Affirmed in part, reversed in part, and remanded.
WALLACE and LaROSE, JJ., Concur.