COHEN, J.
Jose Padro-Guerrero appeals from the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In 2011, Padro-Guerrero was found guilty of trafficking in twenty-eight grams or more of methamphetamine. This Court affirmed his conviction on direct appeal. Pa-dro-Guerrero subsequently filed a timely *671 motion for postconviction relief pursuant to rule 3.850. Initially, the trial court rejected three of the six alleged grounds for relief and ordered the State to file a response to the remaining three grounds. Following receipt of that response, the trial court summarily denied the remaining three grounds. While the original motion was pending, Padro-Guerrero filed a supplemental rule 3.850 motion asserting two additional grounds for relief. The trial court did not rule on the supplemental motion.
We affirm the trial court’s summary denial of the original motion for post-conviction relief without comment. The more problematic issue, however, is the trial court’s failure to rule on Padro-Guerrero’s supplemental motion. Generally, a defendant may file a rule 3.850 motion within two years of the date that the judgment and sentence become final. Fla. R. Crim. P. 3.850(b). As long as the two-year limitation period has not expired, the trial court must consider any additional claims raised prior to the court’s final order on a rule 3.850 motion. See Gaskin v. State, 737 So.2d 509 (Fla.1999) (holding that trial court erred in denying defendant’s amended rule 3.850 motion, which was filed within statutory time limit and before trial court ruled on original rule 3.850 motion, on the ground that new claims set forth in amended motion were procedurally barred), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004); McAbee v. State, 873 So.2d 545 (Fla. 2d DCA 2004) (remanding for consideration of two supplemental issues that trial court failed to rule on in final order denying postconviction relief).
It appears that Padro-Guerrero’s supplemental motion fell through the cracks and the trial court was not aware of its existence. It would seem that upon receipt of the order denying the original motion, it should have been clear to Pa-dro-Guerrero that the trial court had failed to consider his supplemental motion. The better course would have been for Padro-Guerrero to bring this oversight to the trial court’s attention in the form of a motion for rehearing. However, since the supplemental motion was timely filed and pending before the final order denying the original petition was entered, we must remand this ease for consideration of the two grounds raised in that motion.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.
TORPY, C.J., and GRIFFIN, J„ concur.