DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCUS BLACKMON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D13-644, 4D13-645 and 4D13-646

[May 6, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 08008655CF10A.

Marcus Blackmon, Blountstown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals three orders entered in post-conviction proceedings, which have been consolidated. The orders: (1) summarily denied the original post-conviction motion in part and set an evidentiary hearing on remaining issues; (2) denied the grounds heard at the hearing; and (3) summarily denied amended motions for post-conviction relief filed before the second ruling on the original motion, and also denied relief under Rule 3.853. We affirm in part and reverse in part.

The defendant was convicted of unlawful sexual activity with a minor. We affirmed on direct appeal. *Blackmon v. State*, 32 So. 3d 148 (Fla. 4th DCA 2010). The mandate issued in May 2010. In July of that year, the defendant filed his original rule 3.850 motion, raising eighteen grounds for ineffective assistance of trial counsel. In November 2010, he moved to supplement the motion to expand ground five. In January 2011, he filed another motion to supplement the motion to expand grounds three, nine, and fifteen.

After receiving the State's response, the trial court granted an

evidentiary hearing on certain grounds, summarily denying the rest. Before the hearing, the defendant filed an amended motion raising grounds nineteen through twenty-six. At the beginning of the hearing, appointed counsel brought the amended motion to the court's attention. The court directed the State to respond to the new claims, stating it would hold a further hearing if warranted.

A month after the hearing, the defendant filed a second amended rule 3.850 motion, raising yet another ground, number twenty-seven. The defendant also filed a rule 3.853 motion. In July 2012, the court denied the remaining grounds of the original motion.

In December 2012, the State filed its response to the defendant's rule 3.853 motion, the amended rule 3.850 motion, and the second amended rule 3.850 motion. With respect to the two amended rule 3.850 motions, the State recommended summarily denying both as successive. The defendant replied in January 2013. In a single January 15, 2013 order, the trial court denied the remaining three motions based on the State's response. From these orders, the defendant appeals.

We find merit in only the fourth and final issue which the defendant raises in the instant appeal: The trial court erred in summarily denying his amended rule 3.850 motions as successive when they were filed within the requisite two-year period and prior to the court's final ruling on the original motion. He accurately claims that his appointed counsel sought to adopt the amended motion and the trial court authorized the amendment. He argues, therefore, that the court should have considered the amended motions on their merits. We agree.

The defendant relies on *Ramirez v. State*, 854 So. 2d 805, 806–07 (Fla. 2d DCA 2003), and *Beard v. State*, 827 So. 2d 1021, 1021–22 (Fla. 2d DCA 2002). We agree that these cases support the defendant's position. In both cases, the Second District found that the trial court erred in failing to consider the merits of claims timely asserted in amended motions when the amended motions had been filed before the trial court disposed of the original motion.

Here, the defendant amended his motion once before the evidentiary hearing on the pending claims from the original motion and again before the trial court ruled on the original motion. In fact, the trial court agreed to consider the first amended motion when its pendency was called to the court's attention at the evidentiary hearing. The court erred in summarily

2

denying the amended motions as successive.[1]  *Ramirez*, 854 So. 2d at 806–07; *Beard*, 827 So. 2d at 1021–22.

We find no merit in the remaining issues raised.

*Affirmed in part, reversed in part, and remanded.*

GROSS and GERBER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] The current version of Rule 3.850 **now** requires a defendant to obtain leave to file an amended motion, even if timely, if the trial court has disposed of the motion or issued an order requiring a state response.  Fla. R. Crim. P. 3.850(e).  But, the amendment adding that provision did not become effective until July 1, 2013.  *In re Amendments to Fla. Rules of Criminal Procedure & Fla. Rules of Appellate Procedure*, 132 So. 3d 734, 748 (Fla. 2013).