PER CURIAM.
David Prestano appeals the summary denial of his rule 3.850 motion for postcon-viction relief over a last-minute request for additional time to supplement the motion. The State properly concedes that remand is appropriate.
*1281 Prestano filed a timely motion for post-conviction relief. Before the lower court ruled on that motion, Prestano filed another motion requesting a ninety-day extension of time to supplement the first motion. The trial court did not see the second motion prior to its ruling denying the rule 3.850 motion. Subsequently, the trial court denied Prestano’s motion for enlargement of time as moot. We reverse.
“A rule 3.850 motion may be amended at any time prior to the trial court’s ruling as long as the amended motion is filed within the two-year limitations period prescribed by rule 3.850(b).” Kline v. State, 858 So.2d 1257, 1257 (Fla. 1st DCA 2003) (citing Gaskin v. State, 737 So.2d 509, 518 (Fla.1999)). “Similarly, when a defendant files a motion requesting leave to amend before the trial court rulés and before the limitations period expires, the trial court must allow the amendment prior to ruling on the motion.” Id. (citing Beard v. State, 827 So.2d 1021 (Fla. 2d DCA 2002)).
On remand, Prestano should be allowed to amend his original motion within a reasonable time, and the trial court should rule on the amended motion without regard to its earlier order. We express no opinion on the merits of Prestano’s claims.
REVERSED and REMANDED.
LAWSON, C.J., COHEN and WALLIS, JJ., concur.