# Third District Court of Appeal

**State of Florida**

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1323
Lower Tribunal No. 96-41742A
_____

**Michael Grimace,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Marlene Fernandez Karavetsos, Judge.

Michael Grimace, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, C.J., and GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Fla. R. Crim. P. 3.850(b) (providing that a motion seeking postconviction relief (other than a challenge to a sentence that exceeds the limits provided by law) must be filed within two years after the judgment and sentence become final, subject to limited exceptions inapplicable here); Fla. R. Crim. P. 3.850(e) ("New claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b)."); Fla. R. Crim. P. 3.850(f)(2) ("A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits. . ..")  See also Prestano v. State, 176 So. 3d 1280, 1281 (Fla. 5th DCA 2015) ("Similarly, when a defendant files a motion requesting leave to amend before the trial court rules and before the limitations period expires, the trial court must allow the amendment prior to ruling on the motion") (citing Beard v. State, 827 So. 2d 1021 (Fla. 2d DCA 2002)); Kline v. State, 858 So. 2d 1257, 1257 (Fla. 1st DCA 2003) ("A rule 3.850 motion may be amended at any time prior to the trial court's ruling as long as the amended motion is filed within the two-year limitations period prescribed by rule 3.850(b)").