# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1888
LT Case No. 2020-CF-6115

_____

DAMIEN O. CALDWELL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Damien Caldwell, Lake City, pro se.

No Appearance for Appellee.

October 20, 2023

PER CURIAM.

    Damien O. Caldwell appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 amended motion for postconviction relief, in which he raised two grounds. We affirm the postconviction court's denial of ground one of the amended motion on the merits without further discussion. For the following reasons, we reverse the denial of ground two and remand for further consideration.

Caldwell is presently serving a prison sentence in this case following his guilty plea to one count of armed robbery, committed when he was sixteen years old. Caldwell did not appeal his judgment and sentence, but he did timely file the subject rule 3.850 motion for postconviction relief, initially raising a single ground in his motion. The court dismissed Caldwell's motion under rule 3.850(f)(2) for being facially insufficient but did so without prejudice to Caldwell filing an amended motion within sixty days of the order.

Caldwell timely filed his amended motion. In the motion, Caldwell raised a second ground for relief, not previously made, in which he essentially attempted to assert that his counsel was ineffective for not having him evaluated for competency to proceed or understand the process. In the order now on review, the postconviction court denied this ground as "unauthorized," explaining that its prior nonfinal order dismissing Caldwell's original motion provided that no new claims could be added to the motion without leave of court.

We hold that the postconviction court erred in doing so. When, as here, the two-year filing requirement under rule 3.850 had not yet expired and the court had not issued a final order on the rule 3.850 motion, it must consider any additional claims raised in the amended motion. *See Gaskin v. State*, 737 So. 2d 509, 517–18 (Fla. 1999) (holding that the trial court erred in denying the defendant's rule 3.850 amended motion for postconviction relief on the ground that the new claims raised in the amended motion were procedurally barred, when the motion was filed within the time limit under the rule and before the trial court had ruled on the original motion), *receded from in part on other grounds*, *Nelson v. State*, 875 So. 2d 579, 582–83 (Fla. 2004); *Padro-Guerrero v. State*, 123 So. 3d 670, 671 (Fla. 5th DCA 2013) ("As long as the two-year limitation period [of rule 3.850] has not expired, the trial court must consider any additional claims raised prior to the court's final order on a rule 3.850 motion.").

In a footnote contained in its denial order, the court also separately observed that ground two of Caldwell's amended motion "lack[ed] specific supporting facts," but that since Caldwell had

already been given leave to amend his original motion, he was "not entitled to another."

When an amended motion filed under rule 3.850 remains facially insufficient, as ground two was here, the postconviction court, in its discretion, may either permit the defendant an additional opportunity to amend the motion or enter a final order summarily denying the motion with prejudice. Fla. R. Crim. P. 3.850(f)(2); *see also Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007) (holding that a trial court's striking of further amendments that are insufficiently pled "is subject to an abuse of discretion standard that depends on the circumstances of each case"). As it is unclear from its order and the circumstances whether the postconviction court fully understood that it possessed the discretion to allow Caldwell to amend his second ground for relief, we reverse that aspect of the order and remand for further consideration.

AFFIRMED, in part; REVERSED, in part; and REMANDED.

HARRIS and MACIVER, JJ., concur.
LAMBERT, J., concurs specially, with opinion.

LAMBERT, J., concurring specially.

I concur with the majority's summary denial of ground one and its reversal on ground two. Under the circumstances of this case—specifically, (1) Caldwell being sixteen years old when he committed the crime, (2) Caldwell being seventeen years old when he pleaded guilty, (3) ground two raising the issue of Caldwell's competency when he pled, (4) ground two having not previously been amended, and (5) the expiration of the two-year filing requirement under rule 3.850 since Caldwell filed his amended motion—I believe that it was an abuse of discretion for the postconviction court to not have allowed Caldwell an opportunity to amend his deficiently-pled ground two claim, assuming that he can do so in good faith. That said, the majority opinion provides the postconviction court with the opportunity to do exactly that.